Mark GILDINER and Linda Gildiner, Individually and on behalf of Andrew Lane Gildiner

v.

THOMAS JEFFERSON UNIVERSITY HOSPITAL, Arnold Kessler, M.D., S. Bruce Rubin, M.D., and Laird G. Jackson, M.D.

Civ. A. No. 75–3578.

United States District Court, E. D. Pennsylvania.

May 25, 1978.

S. Robert Levant, William T. Cottrell, Philadelphia, Pa., for plaintiffs.

James Lewis Griffith, Obermayer, Rebmann, Maxwell & Hippel, Philadelphia, Pa., for Thomas Jefferson University Hospital and Laird G. Jackson, M.D.

John J. O'Brien, Jr., O'Brien & O'Brien Associates, Philadelphia, Pa., for Arnold Kessler, M.D., and S. Bruce Rubin, M.D.

## MEMORANDUM

HANNUM, District Judge.

Presently before the Court is the motion for judgment on the pleadings of defendants Thomas Jefferson University Hospital and Dr. Laird G. Jackson. Defendants S. Bruce Rubin, M.D., and Arnold Kessler, M.D., have been permitted to join as moving parties on the motion for judgment on the pleadings by Order of the Court. For the following reasons, the motion of defendants for judgment on the pleadings is DENIED; however, claims brought on behalf of Andrew Lane Gildiner are dismissed for failure to state a claim upon which relief can be granted.

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Plaintiffs Mark Gildiner, Linda Gildiner, and Andrew Lane Gildiner, are citizens of Colorado. Defendants Dr. Arnold Kessler, Dr. S. Bruce Rubin, and Dr. Laird G. Jackson are not citizens of Colorado. Defendant Thomas Jefferson University Hospital is incorporated in Pennsylvania and has its principal place of business in Pennsylvania. The amount in controversy exceeds $10,000.

## I. FACTS.

For the purposes of this motion, all facts alleged in the complaint must be regarded as valid. The facts, sourced from the complaint, are as follows.

Linda Gildiner became pregnant during November of 1973. In December of 1973 the Gildiners consulted Drs. Kessler and Rubin for treatment, care and supervision concerning Linda Gildiner's pregnancy. Mark and Linda Gildiner subsequently were administered a Tay-Sachs test performed by the Thomas Jefferson University Hospital. The tests established that both Mark and Linda Gildiner were carriers of Tay-Sachs disease.

Linda Gildiner returned to Drs. Kessler and Rubin, after learning of the results of the test performed by Thomas Jefferson University Hospital, to allow the doctors to determine whether the child would be afflicted with Tay-Sachs disease. Linda and

Mark Gildiner advised Drs. Kessler and Rubin that they would not go through with the pregnancy unless they were totally assured that the fetus were not afflicted with Tay-Sachs disease. Dr. Kessler recommended that an amniocentesis be performed at the Thomas Jefferson University Hospital. The amniocentesis, an operation in which amniotic fluid is withdrawn for genetic testing, was performed by Dr. Kessler on February 26, 1974 at the Thomas Jefferson University Hospital.

Dr. Kessler explicitly guaranteed that the results of the amniocentesis would categorically determine whether or not the fetus would have Tay-Sachs disease. In early April of 1974, Dr. Laird G. Jackson, Director of the Medical Genetics Division of the Thomas Jefferson University Hospital, informed Linda and Mark Gildiner that the results of the amniocentesis eliminated any possibility that the fetus would have Tay-Sachs disease. Dr. Jackson recommended that the Gildiners proceed with the pregnancy, stating that any possibility that the fetus would be afflicted with Tay-Sachs disease had been ruled out by the amniocentesis.

The Gildiners proceeded with the pregnancy, and Andrew Lane Gildiner was born on August 14, 1974, afflicted with Tay-Sachs disease. Andrew Lane Gildiner's life span is expected to be five years or less, because of Tay-Sachs disease. Mark and Linda Gildiner have sustained medical expenses and emotional suffering as a result of Andrew Lane Gildiner's affliction with Tay-Sachs disease.

## II. ANDREW GILDINER HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

■ Andrew Lane Gildiner is asserting claims for damages for the alleged negligence of the defendants in performing the amniocentesis. Andrew Lane Gildiner requests damages for the consequence of the alleged negligence. The consequence is that he was born, afflicted with the Tay-Sachs disease, instead of aborted.

We find this case analogous to that in *Gleitman v. Cosgrove,* 49 N.J. 22, 227 A.2d 689 (1967). In *Gleitman v. Cosgrove,* a child sued the mother's physician for sight, hearing, and speech defects caused by the mother's infection with German measles during the first trimester of pregnancy. The physician consistently advised the mother that the illness would have no effect on her child. The mother alleged that she would have aborted the pregnancy if she had been informed of the chances that her child would be born with defects. The Supreme Court of New Jersey held that the child did not present a claim upon which relief could be granted, because the conduct complained of did not give rise to damages cognizable at law. Chief Justice Weintraub stated in concurring on this issue that:

> Ultimately, the infant's complaint is that he would be better off not to have been born. Man, who knows nothing of death or nothingness, cannot possibly know whether that is so. We must remember that the choice is not between being born with health or being born without it; it is not claimed that the defendants failed to do something to prevent or reduce the ravages of rubella. Rather the choice is between a worldly existence and none at all. * * * To recognize a right not to be born is to enter an area in which no one could find his way. (49 N.J. at 63, 227 A.2d at 711 (Weintraub, C. J., concurring and dissenting.)).

The holding in *Gleitman v. Cosgrove* as to this issue was cited and followed in *Speck v. Finegold,* C. P. Allegheny Co., G.D. No. 76–07752 (July 21, 1976) (appeal pending, Pa.Super.Ct.). Applying Pennsylvania law, we hold that Andrew Lane Gildiner has failed to state a claim upon which relief may be granted, because he has not sustained damages cognizable at law.

## III. MARK AND LINDA GILDINER HAVE STATED A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

Mark and Linda Gildiner seek damages for medical expenses and for emotional pain

and suffering caused by Andrew Lane Gildiner's affliction with Tay-Sachs disease. The defendants assert five reasons why the motion for judgment on the pleadings should be granted:

A. The parents' action is derivative from that of the child, and must be dismissed if the child's action is dismissed.

B. The defendants' negligence is not a proximate cause of the plaintiffs' damages.

C. A cause of action for "wrongful birth" is contrary to public policy.

D. A cause of action should be created by the legislature, rather than the courts.

E. The damages sought are improper and not recoverable.

For the following reasons, each of these arguments will be rejected.

■ A. The defendants argue that the parents' action is derivative from that of the child. Both the child, Andrew Lane Gildiner, and the parents, Mark and Linda Gildiner, seek damages allegedly caused by the negligence of the defendants in testing for Tay-Sachs disease. Each of these plaintiffs is entitled to damages proximately caused by the alleged negligence, if negligence is established, absent intervening rules barring damages. We have ruled in Part II of this opinion that Andrew Lane Gildiner's alleged damages are not cognizable as a matter of law, and have dismissed his claims on this ground alone. This ruling is not applicable to Mark and Linda Gildiner. The damages sustained by Mark and Linda Gildiner are separate and distinct from those allegedly sustained by Andrew Lane Gildiner. The argument that the parents' claims are derivative from that of the child is without merit.

■ B. The defendants further argue that the alleged negligence of the defendants, that of not properly administering or interpreting the amniocentesis, was not the proximate cause of the plaintiffs' damages. The defendants argue that the damages sustained by the plaintiffs were caused by the affliction of Andrew Lane Gildiner with Tay-Sachs disease, and that the defendants did not cause Andrew Lane Gildiner to become afflicted with the disease, citing *Gleitman v. Cosgrove*, 49 N.J. 22, 27–28, 227 A.2d 689, 691–92 (1967).

Applying Pennsylvania law, we decline to follow *Gleitman v. Cosgrove* and similar cases. We hold that the relevant causal relationship is that between the defendants' negligence in performing or interpreting the amniocentesis and the subsequent birth of Andrew Lane Gildiner. The complaint states a sufficient causal relationship between the alleged negligence of the defendants and the failure of Mark and Linda Gildiner to obtain an abortion to defeat a motion for judgment on the pleadings based on a lack of proximate cause.

C. The third argument of the defendants is that a cause of action for damages arising from the denial of an opportunity to obtain an abortion is contrary to the public policy of the Commonwealth of Pennsylvania. The defendants argue that the recognition of a cause of action for damages arising from a denial of an opportunity to obtain an abortion could induce physicians to recommend the abortion of all marginally defective fetuses. The defendants also argue that the recognition of a cause of action for damages arising from the denial of an opportunity to obtain an abortion could encourage a "Fascist-Orwellian societal attitude of genetic purity." These arguments are not persuasive to this Court.

■ We find that the public policy of Pennsylvania supports the recognition of a cause of action for damages arising from negligence in the performance of testing for Tay-Sachs disease. Tay-Sachs disease is a severe inherited, genetic disorder that causes the death of afflicted infants prior to five years of age. The value of genetic testing programs, such as that conducted by the Medical Genetics Division of Thomas Jefferson University Hospital, is based on the opportunity of parents to abort afflicted fetuses, within appropriate time limitations. Parents have a constitutionally-protected right to obtain an abortion during

the first trimester of pregnancy, free of state interference. *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973). Tay-Sachs disease can be prevented only by accurate genetic testing combined with the right of parents to abort afflicted fetuses within appropriate time limitations.

Society has an interest in insuring that genetic testing is properly performed and interpreted. The failure to properly perform or interpret an amniocentesis could cause either the abortion of a healthy fetus, or the unwanted birth of a child afflicted with Tay-Sachs disease. Either of these occurrences is contrary to the public policy of Pennsylvania. The recognition of a cause of action for negligence in the performance of genetic testing would encourage the accurate performance of such testing by penalizing physicians who fail to observe customary standards of good medical practice.

■ D. The defendants' fourth argument is that a cause of action should be created by legislature, rather than the courts. We disagree. Our holding that the plaintiffs have stated a cause of action for damages caused by negligence in the performance and interpretation of an amniocentesis involves the application of the doctrine of negligence, established by the common law of the Commonwealth of Pennsylvania, to a recently developed medical procedure. The determination of the scope of the common law doctrine of negligence is within the province of the judiciary.

■ E. The fifth argument advanced by the defendants is that the damages sought by plaintiffs are not cognizable at law.

The defendants principally argue that the recognition of damages arising from the birth of a child would be contrary to the public policy of Pennsylvania. This issue has been discussed in Part III C of this opinion. We find that the plaintiffs may recover damages for the medical treatment of Andrew Lane Gildiner. We do not decide, at the present time, whether other damages may be recovered by the plaintiffs. Because at least some damages are cognizable at law, the motion for judgment on the pleadings may not be granted for lack of damages.