478 A.2d 869

**Daniel J. RUBIN, a minor, by his parents and natural guardians, Gregory RUBIN and Anita Rubin, his wife, Appellants,**

**v.**

**HAMOT MEDICAL CENTER, John G. Guthleben, M.D., Bayview Obstetrics & Gynecology, Inc., Richard B. Eisenberg, M.D., Pathology Association of Erie, Inc. and Regional Clinical Laboratories of Northwestern Pennsylvania.**

Superior Court of Pennsylvania.

Argued Jan. 25, 1984.

Filed July 13, 1984.

Robert Lesuer, Erie, for appellants.

Irving Olds Murphy, Erie, for appellees.

Before WIEAND, TAMILIA and POPOVICH, JJ.

WIEAND, Judge:

May a child afflicted with Tay-Sachs disease maintain an action to recover damages against laboratories and physi-

cians who failed to determine prenatally that the child was or probably would be so afflicted in sufficient time to prevent his birth? The trial court held that a "wrongful life" action could not be maintained and sustained preliminary objections in the nature of a demurrer to the child's complaint.[1] We affirm.

■ "Upon demurrer, a reviewing court must regard as true all well pleaded facts and reasonable inferences deducible therefrom." *Klein v. Raysinger*, 504 Pa. 141, ——, 470 A.2d 507, 508 (1983). However, a court is not bound by the conclusions of law advanced in the complaint. *Cunningham v. Prudential Property and Casualty Insurance Co.*, Pa.Super. (Slip Op. at 3–4) (J. 1759/83; filed March 2, 1984). "Starting from this point of reference the complaint must be examined to determine whether it sets forth a cause of action which, if proved, would entitle the party to the relief sought. If such is the case, the demurrer may not be sustained. On the other hand, where the complaint fails to set forth a cause of action, a preliminary objection in the nature of a demurrer is properly sustained." *Greenspan v. United Services Automobile Association*, 324 Pa.Super. 315, 318, 471 A.2d 856, 858 (1984), quoting *Rose v. Wissinger*, 294 Pa.Super. 265, 270, 439 A.2d 1193, 1196 (1982).

■ The complaint in the instant case contains averments that Gregory Rubin was identified in 1977 as a carrier of Tay-Sachs disease. Tests performed on his wife, Anita, were inconclusive. Therefore, in October, 1978, Mr. and Mrs. Rubin consulted Richard Eisenberg, M.D., who made arrangements for Mrs. Rubin to be tested for Tay-Sachs at Hamot Medical Center in Erie. These tests were completed on October 26, 1978, according to the averments of the complaint, and were positive. Nevertheless, neither Eisenberg nor Hamot conveyed this information to the Rubins. Anita Rubin became pregnant in June, 1979. John G. Guthleben, M.D., attended Mrs. Rubin throughout her pregnancy and delivered Daniel, a male child, on March 21, 1980.

1. A separate action by the parents for their damages remains undetermined in the Court of Common Pleas of Erie County.

Although Dr. Guthleben knew that Gregory Rubin was a carrier and that Anita Rubin had been tested at Hamot Medical Center, it is alleged that he neglected to inquire or otherwise ascertain the results of the tests performed at Hamot Medical Center.[2] Daniel is now afflicted with Tay-Sachs. The failure of the physicians and testing laboratories to ascertain and notify the Rubins that both parents were carriers, it is alleged, was negligence which caused Daniel's conception and prevented a timely abortion. It is also alleged that the child was a third party beneficiary of the contracts for medical and testing services which his parents entered with appellees. Damages are sought on behalf of Daniel for the pain and suffering caused to him by Tay-Sachs disease.

In *Speck v. Finegold*, 268 Pa.Super. 342, 408 A.2d 496 (1979), this Court held that the claim of a child born with neurofibromatosis for damages in permitting her wrongful birth did not present a legally cognizable action at law. The Court said:

> In the instant case, we deny Francine's claim to be made whole. When we examine Francine's claim, we find regardless of whether her claim is based on "wrongful life" or otherwise, there is a failure to state a legally cognizable cause of action even though, admittedly, the defendants' actions of negligence were the proximate cause of her defective birth. Her claims to be whole have two fatal weaknesses. First, there is no precedent in appellate judicial pronouncements that holds a child has a fundamental right to be born as a whole, functional human being. Whether it is better to have never been born at all rather than to have been born with serious mental defects is a mystery more properly left to the philosophers and theologians, a mystery which would lead us into the field of metaphysics, beyond the realm of our understanding or ability to solve. The law cannot assert

2. It is suggested by averments of the complaint that when both parents are carriers, the chances of a child's being born with Tay-Sachs are 25 percent.

a knowledge which can resolve this inscrutable and enigmatic issue. Second, it is not a matter of taking into consideration the various and convoluted degrees of the imperfection of life. It is rather the improbability of placing the child in a position she would have occupied if the defendants had not been negligent when to do so would make her nonexistent. The remedy afforded an injured party in negligence is intended to place the injured party in the position he would have occupied but for the negligence of the defendant. Thus, a cause of action brought on behalf of an infant seeking recovery for a "wrongful life" on grounds she should not have been born demands a calculation of damages dependent on a comparison between Hobson's choice of life in an impaired state and nonexistence. This the law is incapable of doing.

Finally, we hold that the impossibility of this suit as to Francine comes not so much from the difficulty in measuring the alleged damages as from the fact, unfortunately, that *this is not an action cognizable in law.* Thus, the recognized principle, not peculiar to traditional tort law alone, that it would be a denial of justice to deny all relief where a wrong is of such a nature as to preclude certain ascertained damages, is inapposite and inapplicable here. Accordingly, plaintiffs' complaint insofar as Francine's claim for damages for *"wrongful life"* is concerned, *does not present a legally cognizable action at law.*

*Id.,* 268 Pa.Superior Ct. at 364–365, 408 A.2d at 508 (footnote omitted) (emphasis added).[3] This portion of the Superior Court's decision was affirmed by an equally divided Supreme Court.[4] See: *Speck v. Finegold,* 497 Pa. 77, 439

---

**3.** See also: *Stribling v. deQuevedo,* 288 Pa.Super. 436, 441, 432 A.2d 239, 242 (1980); *Gildiner v. Thomas Jefferson University Hospital,* 451 F.Supp. 692, 694 (E.D.Pa.1978).

**4.** The Supreme Court also held that the parents of Francine had a legally cognizable action for their separate damages.

A.2d 110 (1981). Writing in support of affirmance, Justice Roberts wrote:

> None of the highest appellate courts of other jurisdictions has recognized such a cause of action [for "wrongful life"]. Indeed, Alabama, *Elliott v. Brown,* 361 So.2d 546 (Ala.1978), Delaware, *Coleman v. Garrison,* 349 A.2d 8 (Del.1975), New Jersey, *Berman v. Allan,* 80 N.J. 421, 404 A.2d 8 (1979), New York, *Becker v. Schwartz,* 46 N.Y.2d 401, 386 N.E.2d 807, 413 N.Y.S.2d 895 (1978), and Wisconsin, *Dumer v. St. Michael's Hospital,* 69 Wis.2d 766, 233 N.W.2d 372 (1975) have specifically refused to do so. Even *Curlender v. Bio-Science Laboratories,* 106 Cal.App.3d 811, 165 Cal.Rptr. 477 (2nd Dist.1980), the decision of a panel of California's intermediate appellate court upon which the opinion of Mr. Justice Flaherty relies, has recently been called into question by a subsequent panel of that same intermediate appellate court. See *Turpin v. Sortini,* 119 Cal.App.3d 690, 174 Cal.Rptr. 128 (5th Dist.1981) (*Curlender* rejected as "unsound under established principles of law and as a sortie into areas of public policy clearly within the competence of the Legislature").

*Speck v. Finegold, supra,* 497 Pa. at 89, 439 A.2d at 116 (Opinion by Roberts, J., joined by O'Brien, C.J.). Since our Supreme Court divided on this issue, the Supreme Court of California, in *Turpin v. Sortini,* 31 Cal.3d 220, 643 P.2d 954, 182 Cal.Rptr. 337 (1982), expressly rejected the *Curlender* analysis and adopted a contrary view.[5]

In general, it can be said that the unanimous view of courts which have considered this issue is that a child will

---

**5.** The California Supreme Court agreed with this court and others that with respect to the child's claim for pain and suffering, the assessment of injury and damages was impossible and would not be allowed. However, with respect to the child's claim for extraordinary medical expenses occasioned by its defects, the Supreme Court held that it would be illogical and anomalous to permit only parents, and not the child, to recover for the cost of the child's own medical care. *Turpin v. Sortini, supra* 31 Cal.3d at 238, 643 P.2d at 965, 182 Cal.Rptr. at 348. We express no opinion with respect to this conclusion.

not be allowed to recover for pain and suffering caused by the wrongful birth of such child. 62 Am.Jur.2d *Prenatal Injuries* § 10 (1972); Annot., 83 A.L.R.3d 15, 66–76 (1978). In addition to the reasons recited by the Superior Court in *Speck v. Finegold, supra,* courts have cited "policy reasons against allowing tort damages for failing [or refusing] to take an embryonic life." 62 Am.Jur.2d *Prenatal Injuries* § 10. See: *Coleman v. Garrison, supra* at 13; *Gleitman v. Cosgrove,* 49 N.J. 22, 30, 227 A.2d 689, 693 (1967).

■ These considerations are also determinative of the novel argument advanced on behalf of Daniel that he was a third party beneficiary of the contracts which his parents had entered with the several appellees. "In the last analysis and evaluation, and irrespective of the category of claims made, we hold plaintiffs' complaint sounds essentially in negligence, tortious breach of contract, and/or medical malpractice. As in any cause of action based on these grounds, a successful plaintiff must demonstrate the existence of a duty, the breach of which may be considered the proximate cause of damages suffered by the injured parties." *Speck v. Finegold, supra,* 268 Pa.Super. at 364, 408 A.2d at 507–508. As in *Speck,* Daniel's claim in the instant case, by whatever name it is known, is an action for medical malpractice. For the same reasons that the law does not recognize a "wrongful life" claim in tort, it cannot sanction an action in assumpsit which seeks the same relief. Placing the child in a position he would have occupied had appellees not committed the alleged wrongful act, whether it be a tort or a breach of contract, is impractical, for to do so would render the child nonexistent. Unless and until the law is altered by the Legislature or the Supreme Court, we decline to allow a child to recover damages for its own wrongful birth. Such an action is not cognizable under the law of Pennsylvania.

Order affirmed.