## Meyers v. Koman

*Joseph P. Moschetta,* for plaintiff.

*Damon J. Faldowski,* for defendant Kurtis William Koman.

*Tucker Arensberg, C. Leon Sherman,* for defendants Chris Gumbert, George C. Gumbert and Laela Gumbert.

*Clarence A. Crumrine,* for defendant Philip A. Evans.

TERPUTAC, J., October 29, 1984 — Before the court are the preliminary objections of one of defendants, Kurtis William Koman, to the complaint in trespass of plaintiff, Craig W. Meyers.

A party was planned by some of defendants, Kurtis William Koman, an adult, and minors David Emil Volk, Jr., and Chris Gumbert, at the residence of Chris Gumbert's parents, Mr. and Mrs. George C. Gumbert. Koman furnished a pumping device, known as a tap, for the beer keg. Several other persons attended the party, including Philip A. Evans, an 18-year-old adult. After several hours during which intoxicants had been consumed by Evans and the others, Evans and two other youths left the party in an automobile operated by Evans. One of the passengers was Craig W. Meyers, plaintiff. It is alleged that because of Evans' intoxicated condition, Evans lost control of the vehicle, causing it to cross over the center line of the highway and strike a utility pole. As a result of this accident, Meyers was injured.

In his demurrer to the complaint, Koman alleges he cannot be held liable under the allegations. Mere averments, contends Koman, such as providing an instrument, the tap for the beer keg, for the party is not such an act upon which liability can be posited; averments that indicate "participating in the dispensing" of alcoholic beverages are insufficient under the case law. Next, he avers the allegation of "participating and organizing a party involving the consumption of alcoholic beverages" by minors does not establish liability.

In Congini by Congini v. Portersville Valve Company, 504 Pa. 157, 470 A.2d 515 (1983), the Supreme Court of Pennsylvania held for the first time in this Commonwealth that an adult who furnishes intoxicating liquor to a minor may be subject to liability for injuries resulting from the minor's intoxicated condition. Furthermore, liability might be imposed upon those who furnish liquor to a minor knowing that she was underage and would be unable to operate a vehicle in a safe manner. Douglas v. Schwenk, 330 Pa. Super. 392, 479 A.2d 608 (1984). Relying particularly upon Congini, defendant Koman states that he is not subject to liability just because he supplied a tap for the beer keg. The arguments lack merit.

As we read the Congini and Douglas cases, an adult who serves or furnishes liquor to a minor may be subject to liability for injuries caused by the intoxication of the minor. Taking the averments in the complaint as true, the planning of the party, the purchasing of the beer, and the supplying of the tap by defendant Koman are acts equivalent to the furnishing or serving of intoxicants to minors. That words like "participating" or "dispensing" are used is immaterial, for the complaint properly pleads allegations which are actionable under the law. To

predicate liability only if it is alleged and proved that the person physically handed a glass of beer to a minor is a misconception of the principle enunciated in Congini.

Plaintiff has alleged that Koman, Volk and Gumbert purchased the intoxicants and transported them to the Gumbert residence. It is averred that Koman supplied the tap for the keg. It is further stated that defendants participated in planning the party and dispensing the beer. These acts of defendants are sufficient to make out a case in which preliminary objections cannot be sustained. Rubin by Rubin v. Hamot Medical Center, 329 Pa. Super. 439, 478 A.2d 869 (1984). The preliminary objections in the nature of a demurrer, a motion for more specific pleading, and the motion to strike, are dismissed.

Finally, defendant Koman has contended that the claim of plaintiff for punitive damages must be dismissed because, assuming the averments of wanton misconduct are true as pleaded, the complaint intrinsically speaks of negligence, not outrageous conduct. Plaintiff, on the other hand, asserts that even though there may not have been any bad motive, there was such reckless indifference to the interests of others that liability for punitive damages may be imposed. As we know, the purpose of punitive damages in Pennsylvania is to punish the wrongdoer and to deter him and others from engaging in similar conduct in the future. Punitive damages are proper in cases where the act creating the wrong imports insult or outrage, and is committed with view to oppress, or is done in contempt of plaintiff's rights. In addition, such damages may be awarded when the act is committed with reckless indifference as well as bad motive. Delahanty v. First Pennsylvania Bank, 318 Pa. Super. 90, 464

A.2d 1243 (1983). Assuming the truth of the allegations presented by plaintiff and the reasonable inferences therefrom, the mere planning of a beer party, providing a tap for the keg, and dispensing or serving intoxicants are insufficient to predicate liability for punitive damages. As to the automobile driven by Evans, plaintiff has alleged neither ownership of, nor control over, the vehicle by Koman. Under the circumstances we are disinclined to impose liability upon Koman for exemplary damages. Therefore, the claim for punitive damages as to Koman must be dismissed.

### ORDER

And now, this October 29, 1984, the preliminary objections in the nature of a demurrer on the cause of action for liability against Kurtis William Koman, the motion for a more specific pleading, and the motion to strike are dismissed.

As to the claim for punitive damages against Kurtis William Koman, the preliminary objections are sustained and the claim for punitive damages under Paragraph 29 is dismissed.