Cedar Valley Civic Association et al.
*v.* Schnabel et ux., Appellants.

Argued December 10, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Ira P. Tiger*, with him *Louis F. Floge*, *Peter A. Glascott*, and *Schnader, Harrison, Segal & Lewis*, for appellants.

*Richard P. McBride,* and *Power, Bowen & Valimont,* submitted a brief for appellees.

OPINION PER CURIAM, March 29, 1976:

This appeal is from orders of the Court of Common Pleas of Bucks County holding appellants in civil contempt and imposing sanctions for alleged violations of orders of that court. Appellants contend, *inter alia,* that they cannot be held in contempt of those orders because they were never reduced to writing, that the court was without power to issue the injunction which was allegedly violated, and that the injunction was issued in violation of substantive law.

On November 15, 1973, appellee, Cedar Valley Civic Association, filed a complaint in equity charging appellants with failing to supply water to cottages rented by various association members. The snarled procedural and factual history of the case need not be reviewed. It is sufficient to note that after a hearing on January 31, 1974, the lower court announced that it would enter a temporary injunction which would require appellants to supply water to the cottages rented by appellee's members. No written order ever issued. After a hearing on May 17, 1974, the court renewed its oral order, but this second order was also not in writing. After a hearing on July 29, 1974, the court below found that no water had been supplied to the cottages and held appellants in contempt. On September 20, 1974, the court reiterated its finding of contempt and stated that it would order appellants to remit rents received for the year 1974, enjoin the collection of rents from persons who had not paid rent for 1974, and order appellants to pay each of appellee's members $100.00 per month. This order was never reduced to writing. On October 18, 1974, an appeal was taken to the Supreme Court. On April 30, 1975, appellants' counsel filed a certificate of discontinuance with the Supreme Court, which did not reach the Court of Common Pleas of Bucks County until May 8, 1975.

Nevertheless, on May 2, 1975, the lower court held a hearing at which appellants announced that they were discharging their attorney. The court refused to grant a continuance to allow appellants time to secure new counsel. At the conclusion of the hearing, the court held the appellants in contempt and ordered appellant, Carl Schnabel committed to Bucks County Prison. The order of commitment was stayed until May 12, 1975. On May 9, 1975, appellant filed an application to vacate the order of commitment. On May 12, the lower court held a hearing on the application. It decided to hold "under advisement" the application until a bond of $5,000 was filed to ensure compliance with the "orders" of January 31, 1974, and May 17, 1974. Appellant filed the bond on June 5, 1975. On May 30, 1975, appellants filed this appeal.

It is clear that this Court is without jurisdiction to hear an appeal from an interlocutory order in a contempt case. *Commonwealth v. Guardiani*, 226 Pa. Superior Ct. 435, 310 A. 2d 422 (1973). Under the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, No. 223, 17 P.S. §211.101 et seq., our Court's jurisdiction is limited to "appeals from final orders of the courts of common pleas, ..."

Because there is no final order by the lower court, we quash this appeal as interlocutory.