City of Pittsburgh, a municipal corporation et al. *v.* Allen Brunwasser, Appellant.

Allen N. Brunwasser, Appellant *v.* City of Pittsburgh, a municipal corporation, and Joseph L. Cosetti, Treasurer, Appellees.

Argued October 30, 1978, before Judges CRUMLISH, JR., MENCER and CRAIG, sitting as a panel of three.

*Allen N. Brunwasser*, appellant, for himself.

*D. R. Pellegrini*, Assistant City Solicitor, with him *Grace S. Harris*, Assistant City Solicitor, and *Mead J. Mulvihill, Jr.*, City Solicitor, for appellees.

OPINION BY JUDGE MENCER, January 26, 1979:

On December 20, 1976, the City of Pittsburgh and its Treasurer, Joseph L. Cosetti (City) filed a complaint in equity in the Court of Common Pleas of Allegheny County seeking to compel Allen N. Brunwas-

ser, an attorney (Brunwasser) to file full and complete business privilege and earned income tax returns for the years 1971 through 1977 and to compel the payment of said taxes, together with penalties, interest, and costs.[1]

The taxes for which this suit was brought were levied pursuant to The Local Tax Enabling Act, Act of December 31, 1965, P.L. 1257, *as amended*, 53 P.S. §6901 et seq. The business privilege tax imposes a tax on the gross receipts received by business, professions, and other activities conducted within the City. The City's earned income tax levies a tax of one percent on the compensation received by residents of the City from earnings. Both taxes are self-assessing and require the filing of a return and the immediate payment of the tax. Instead of filing a completed return, Brunwasser filed a signed blank return alleging certain constitutional defenses.

On or about June 8, 1977, the court below issued a preliminary injunction granting a portion of the relief requested by the City. Brunwasser immediately appealed to the Superior Court, and the City's petition for the transfer of the appeal to this Court, on the basis that the Superior Court lacked jurisdiction, was granted.

After Brunwasser failed to comply with the decree of the court below, the City filed a rule to show cause why he should not be held in contempt. After hearing, answer, and time to comply, Brunwasser refused to comply and was incarcerated in the Allegheny County Jail until a stay was issued by the Supreme Court. Brunwasser appealed the finding of contempt to this Court, which appeal has been consolidated with

---

[1] The City also requested the trial court to compel Brunwasser to produce all books, records, and business materials necessary for the City to audit Brunwasser's returns.

the aforementioned appeal transferred to us by the Superior Court.

When reviewing a decision granting a preliminary injunction, that decision will not be disturbed if there exist any apparently reasonable grounds for the court's action. *Fantastic Plastic, Inc. v. Flaherty*, 26 Pa. Commonwealth Ct. 11, 361 A.2d 489 (1976). It is clear that courts have the inherent power to enforce compliance with their lawful orders through, as here, civil contempt. *In re Martorano*, 464 Pa. 66, 346 A.2d 22 (1975). Where the court has jurisdiction over the subject matter and the parties and has the authority or power to render the particular order or decree, a party failing to abide by its terms may be held for contempt despite any error or irregularity in the order or decree, which must be obeyed so long as it is in effect and until it is dissolved by the court issuing it, or reversed on appeal. *School District v. Pittsburgh Federation of Teachers Local 400*, 31 Pa. Commonwealth Ct. 461, 376 A.2d 1021 (1977).

Guided by these principles and after a careful study of the record, we affirm the orders of the Court of Common Pleas of Allegheny County, Civil Division, on appeal here, on the unreported opinions of Judge WEKSELMAN, dated June 6, 1977 and September 8, 1977 and filed to No. G.D. 76-28510, in equity.[2]

Orders affirmed.

---

[2] Brunwasser contends on these appeals that the trial court should be reversed because of the failure of the chancellor to disqualify himself as a result of bias in favor of the City. This issue was first raised by Brunwasser when he filed a motion to recuse in the trial court, which motion he subsequently withdrew with the explanation that he was so doing "so it [would] not be an appealable issue." In view of this withdrawal of the motion to recuse, we deem that Brunwasser has waived the issue of whether or not the chancellor should have recused himself. *See City of Pittsburgh v. DeWald*, 26 Pa. Commonwealth Ct. 151, 362 A.2d 1141 (1976).

## Order

AND Now, this 26th day of January, 1979, the orders of the Court of Common Pleas of Allegheny County entered in the above captioned cases, under date of June 8, 1977 and September 6, 1977, are hereby affirmed.