407 A.2d 50

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Nelson BINDER.**

Superior Court of Pennsylvania.

Argued Dec. 6, 1978.
Decided July 13, 1979.

John T. Salvucci, Assistant District Attorney, for appellant.

Arnold Machles, Philadelphia, on brief for appellee.

Before VAN der VOORT, WIEAND and LIPEZ, JJ.

VAN der VOORT, Judge:

On January 21, 1955, eighteen-year old Nelson Binder, appellee, accompanied another individual to a car agency in

Abington Township. The two entered illegally and were caught on the premises. Appellee pleaded guilty on April 5, 1955 to burglary, larceny, receiving stolen goods, and possession of burglary tools, was ordered to pay a ten dollar fine, and was committed to the State Institution School at White Hill for an indefinite term. On July 21, 1957, appellee pleaded guilty to charges of disorderly conduct and resisting arrest, and was ordered to pay a fine of one dollar.

On June 14, 1974, Governor Milton Shapp granted appellee a pardon for the crimes committed on both occasions. The Philadelphia Municipal Court, on July 8, 1976, ordered expungement of appellee's arrest record with respect to the second conviction. On October 14, 1977, the Court of Common Pleas of Montgomery County, pursuant to appellee's amended petition to expunge, issued the following order:

AND NOW, this 14th day of October, 1977, after argument and consideration of Defendant's Brief, the Petition to Expunge the criminal record of Nelson Binder is granted.

The District Attorney of Montgomery County, the Clerk of Courts of Montgomery County, the Police Department of Abington Township and the Pennsylvania State Police are directed to turn over all records concerning Nelson Binder in this case to his attorney, Arnold Machles, Esquire, Suite 1315, Two Penn Center Plaza, 15th Street and John F. Kennedy Boulevard, Philadelphia, Pennsylvania, so that such records can be destroyed.

The District Attorney of Montgomery County is directed to request the Federal Bureau of Investigation to turn over to Petitioner's attorney, Arnold Machles, Esquire, all records concerning Nelson Binder in this case so that such records can be destroyed.

The Commonwealth has appealed to our court from the order granting appellee's petition, arguing that appellee's pardon was granted for reasons other than innocence, and that appellee therefore was not entitled to expunction of his record. We agree. The grant of a pardon (for reasons other than innocence) by the Governor of our state does not entitle

one who has been convicted of a crime to expunction of his criminal record. *Commonwealth v. Homison*, 253 Pa.Super. 486, 385 A.2d 443 (1978).

Order vacated and petition dismissed.