437 A.2d 66

**Joseph M. HESTER and Mattie Hester, his wife,**

**v.**

**Ronald BAGNATO, trading as R&R Electronics, Appellant.**

Superior Court of Pennsylvania.

Submitted May 22, 1981.

Filed Nov. 13, 1981.

Ronald Bagnato, appellant, in pro. per.

Edwin J. Strassburger, Pittsburgh, for appellees.

Before CERCONE, President Judge, and MONTGOMERY and VAN der VOORT, JJ.

PER CURIAM:

This appeal arises from Appellant's refusal to obey an Order of Court enforcing an out-of-court settlement agreement. Although settlement was reached by the parties' counsel, it was not honored and Appellees then requested a court order enforcing the agreement. Neither Appellant nor his attorney appeared to oppose this request and an order was so entered on August 21, 1979, by the Honorable Marion Finkelhor. Again, Appellees' counsel attempted to settle this matter amicably. When his efforts proved fruitless, the instant action was filed, seeking to hold Appellant in contempt for failing to comply with Judge Finkelhor's order. Appellant's wife represented him at this hearing before the Honorable Emil E. Narick. Judge Narick entered an order declaring Appellant in contempt of the order of Judge Finkelhor and giving Appellant an opportunity to purge himself by paying the agreed-upon settlement sum. Prior to the imposition of any sanctions, Appellant filed this appeal. Because the order of Judge Narick was interlocutory, we quash the appeal.

This Court has jurisdiction of "all appeals from *final* orders of the courts of common pleas. . . ." 42 Pa.C. S.A. § 742. (emphasis added.) It is clear that, unless sanctions are imposed, an order declaring a party in contempt is interlocutory. *In re Elemar, Inc.,* 44 Pa.Cmwlth. 515, 404 A.2d 734 (1979). Since there is no final order by the lower court, we are without jurisdiction to hear this appeal. *Cedar Valley Civic Association v. Schnabel,* 239 Pa.Super. 486, 362 A.2d 993 (1976). Therefore, we quash this appeal as interlocutory.