487 A.2d 430

**John RULLI**

v.

**Daniel T. DUNN, Warren L. Shaffer, and Pennsylvania State Police, Appellants.**

Superior Court of Pennsylvania.

Argued July 11, 1984.

Filed Jan. 25, 1985.

Sheila M. Ford, Pittsburgh, for appellants.

Louis P. Vitti, Pittsburgh, for appellee.

Before ROWLEY, HESTER and ROBERTS, JJ.

HESTER, Judge:

This is an appeal from an Order of Court holding appellants David T. Dunn, Warren L. Shaffer, and the Pennsylva-

nia State Police in contempt for failing to expunge appellee's criminal record.

Appellee compiled a criminal record between 1961 and 1964. Following a period of non-criminal activity, he applied for and received a full gubernatorial pardon on November 26, 1975. Appellee had relocated in Las Vegas, Nevada and became employed at a casino there. In order to protect his career, he petitioned the Court of Common Pleas of Allegheny Courts for expungement of his criminal record. On June 12, 1979, appellee's petition was granted and an order was entered directing the expunction of all documents relating to his criminal record.

Several years later, appellee was unexpectedly discharged from his employment in Nevada. An investigation into his discharge revealed that the Pennsylvania State Police had refused to comply with the Order of June 12, 1979, and that information concerning his criminal record was made available to his employer.

Appellee filed a motion in the nature of a petition for enforcement requesting the lower court to direct the State Police to comply with the expungement order. Following a hearing on August 19, 1982, appellants were cited by the lower court for contempt and directed to comply with said order within ten days or face sanctions. Appellants filed this appeal on or about August 25, 1982 and thereafter requested and received a stay of the order of August 19, 1982.

■ Initially we note that the order entered against appellants must be characterized as a civil contempt citation. Contempt can be categorized as criminal or civil in nature. *Bruzzi v. Bruzzi*, 332 Pa.Super. 346, 481 A.2d 648 (1984). Each enjoys its own discrete procedures and each confers distinct procedural rights. *Cipolla v. Cipolla*, 264 Pa.Super. 53, 398 A.2d 1053 (1979). In determining whether the contempt constitutes civil or criminal, we must ascertain the

dominant purpose of the contempt proceeding. *Bruzzi v. Bruzzi, supra.* If the purpose is to vindicate the dignity and authority of the court and to protect the interest of the general public, it is a criminal contempt hearing. *Brocker v. Brocker,* 429 Pa. 513, 241 A.2d 336 (1968). Proceedings to enforce compliance with a court order are considered civil in nature when "the act of contempt complained of is a refusal to do or refrain from doing some act ordered or prohibited primarily for the benefit of a private party." *Id.,* 429 Pa. at 522, 241 A.2d at 340.

■ The purpose of a civil contempt citation is a remedial one, to coerce the contemnor into compliance with the order of court. To compel obedience, either sanctions or imprisonment may be imposed in order to accomplish the remedial goal of affording relief to the one aggrieved. *In re Tasseing H.,* 281 Pa.Super. 400, 409, 422 A.2d 530, 535 (1980).

■ The order in the instant case instructed appellants to comply with the expunction order within 10 days or face sanctions. Prior to the expiration of this time period, and before sanctions were imposed, this appeal ensued. Consequently, appellants do not yet stand in contempt of court. It has been recognized by this Court that, until sanctions or imprisonment are imposed, an order declaring a party in contempt is interlocutory. *Hester v. Bagnato,* 292 Pa.Super. 322, 323, 437 A.2d 66 (1981). *See also In re Koll,* 311 Pa.Super. 212, 457 A.2d 570 (1983); *Brodsky v. Philadelphia Athletic Club,* 277 Pa.Super. 549, 419 A.2d 1285 (1980). Absent a timely petition for permission to appeal an interlocutory order, see 42 Pa.C.S.A. § 702, this Court's jurisdiction is limited to "appeals from final orders of the courts of common pleas..." 42 Pa.C.S.A. § 742. Regretfully, in the face of this interlocutory order, we lack jurisdiction and are constrained to quash this appeal.

Appeal quashed.