493 A.2d 84

**Joanne McMANUS, Appellant,**

v.

**CHUBB GROUP OF INSURANCE COMPANIES, Appellee.**

Superior Court of Pennsylvania.

Argued July 11, 1984.

Filed March 29, 1985.

Reargument Denied June 6, 1985.

James L. Womer, Philadelphia, for appellant.

Alan G. Rosenbloom, Philadelphia, for appellee.

Before WIEAND, OLSZEWSKI and POPOVICH, JJ.

WIEAND, Judge:

After Joanne McManus, the plaintiff, had consistently refused to comply with court orders directing her to produce for examination the policy of insurance covering the

vehicle which she was driving at the time of her accident, the trial court granted a defense motion to hold her in contempt, directed her to pay the costs of the motion for contempt, as well as prior assessments of costs, and stated that if the costs were not paid within twenty-one days, the action would be dismissed with prejudice. Before the twenty-one day period had expired, McManus appealed. We quash the appeal. There is no final order. The underlying action has not been dismissed, appellant has not been punished for contempt, the costs have not been paid, both parties are still in court, and the pending action must be litigated further.

Joanne McManus was injured in a two car collision on April 17, 1977. She commenced an action against the other driver which was settled for $15,000.00 on or about February 17, 1981. She then made a claim against her insurance carrier, Fireman's Insurance Company of Newark, New Jersey, to recover underinsured motorist benefits. A declaratory judgment was entered in favor of her insurance company on August 18, 1982. She also presented a claim to the present defendant and appellee, Chubb Group of Insurance Companies, which had issued a policy of insurance on a vehicle owned by plaintiff's father. The claim apparently was for underinsured motorist benefits. Chubb appointed an arbitrator to hear the dispute but objected to and refused to accept plaintiff's arbitrator because he shared offices with plaintiff's counsel and allegedly had a prior or ongoing relationship with such counsel. Plaintiff then commenced an action in assumpsit against Chubb.

Chubb filed, inter alia, a request for production of a copy of the Fireman's policy of insurance which had been in effect on plaintiff's vehicle at the time of the accident. Chubb also filed interrogatories and requests for admissions. Plaintiff did not respond. Therefore, Chubb filed a motion to compel discovery. On November 6, 1981, plaintiff-appellant was directed to file answers to Chubb's interrogatories and also to Chubb's requests for admissions within twenty days. Plaintiff refused to comply. There

followed a series of motions and orders pertaining to Chubb's requested discovery. Plaintiff and her attorney continued their refusal to comply. On two occasions, motions for sanctions in the nature of a judgment of non pros were denied, but plaintiff was directed to pay $150.00 to Chubb as the costs of presenting the motions. Finally, after plaintiff's continuous, adamant refusals to comply with the court's orders, the following order was entered:

AND NOW, this 15th day of December, 1982, it is hereby ORDERED AND DECREED that plaintiff's uncontested motion for contempt is granted; costs in favor of defendant and against plaintiff are imposed in the sum of $150.00 for filing this motion. It is further ORDERED and DECREED that the foregoing assessment of costs and all other outstanding assessments are to be paid within twenty one (21) days from the date hereof. Unless an affidavit is submitted to the court within twenty one (21) days from the date hereof stating that all outstanding court imposed costs are paid, an Order will be entered dismissing this action with prejudice.

It is from this order that the present appeal was filed.

■ "It is clear that, unless sanctions are imposed, an order declaring a party in contempt is interlocutory." *Hester v. Bagnato,* 292 Pa.Super. 322, 323, 437 A.2d 66, 67 (1981). Unless the order of contempt is final, this Court lacks jurisdiction to entertain an appeal. *Guisler v. Alexander,* 307 Pa.Super. 219, 220–221, 453 A.2d 4, 5 (1982); *Cedar Valley Civic Association v. Schnabel,* 239 Pa.Super. 486, 488, 362 A.2d 993, 994 (1976).

The order in this case was entered pursuant to Pa.R.C.P. 4019(c)(4). The threatened sanction, which is dismissal of the action, has not been imposed. It may or may not be imposed in the future. Unless and until it is, however, appellant is not out of court. See: *Rulli v. Dunn,* 337 Pa.Super. 613, 487 A.2d 430 (1985). Compare: *Marshall v. Southeastern Pennsylvania Transportation Authority,* 76 Pa.Cmwlth. 205, 463 A.2d 1215 (1983).

■ Appellant argues that the portion of the order assessing the payment of costs is a final order. The award of expenses in obtaining compliance with discovery orders is authorized by Pa.R.C.P. 4019(g). An order awarding expenses pursuant to this rule is collateral to the main action. In determining whether such an order is appealable, therefore, we apply the approach of *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), where the Supreme Court carved out an exception to the final judgment rule for situations where postponement of appeal until after final judgment will result in irreparable loss of the right asserted. Under this exception, an appeal may be taken from an order if (1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost. *Pugar v. Greco,* 483 Pa. 68, 73, 394 A.2d 542, 545 (1978); *Bell v. Beneficial Consumer Discount Co.,* 465 Pa. 225, 228, 348 A.2d 734, 735 (1975).

An order awarding the expenses involved in presenting a motion for sanctions is collateral to the main action. However, there is no good reason why it should be reviewed before final judgment in the principal action. The purpose of the main action is to recover a money judgment. An ultimate review of costs imposed pursuant to R.C.P. 4019(g), therefore, can be achieved at the time of reviewing the final judgment. Meanwhile, the right of review will not have been lost. Indeed, by refusing an interim review of the sanction order, the main action can proceed uninterrupted to a final judgment; and thereafter, the final judgment, as well as interlocutory orders entered by the court, can be reviewed in one appeal. *Hankin v. Hankin,* 338 Pa.Super. 442, 487 A.2d 1363 (1985).

It must be conceded that in *Jerry Pitell Co. v. Penn State Construction, Inc.,* 277 Pa.Super. 575, 419 A.2d 1299 (1980) a panel of this Court undertook to review an order awarding counsel fees and costs incurred in preparing and

presenting a motion for sanctions. That decision can be distinguished because the order awarding counsel fees and costs had been reduced to judgment, and the appeal was filed from that judgment. See: *Hall v. Lee,* 285 Pa.Super. 542, 428 A.2d 178 (1981). Allowing an appeal from an order awarding sanctions in the form of costs and counsel fees under Pa.R.C.P. 4019(g) would violate the admonition of the Supreme Court in *Pugar v. Greco, supra,* 483 Pa. at 75, 394 A.2d at 546, that "whenever possible, review must await the determination of a suit notwithstanding any resulting inconvenience to a party." In this respect, we agree with Judge Wickersham who wrote in *Hall v. Lee, supra,* 285 Pa.Super. at 548, 428 A.2d at 181, "if this order were found to be presently appealable, it would tend to discourage the [trial] court's use of this disciplinary tool, and it would merely become another weapon in the arsenal of dilatory practice for the attorney who wished to delay judicial proceedings."

■ As a general rule, this Court will not provide interim supervision of discovery proceedings conducted in connection with litigation pending in the several trial courts. In the absence of unusual circumstances, we will not review discovery or sanction orders prior to a final judgment in the main action. There are no unusual circumstances recommending interim review in the instant case. The appeal, therefore, will be quashed.

■ Appellee has requested that we determine that the present appeal is frivolous and impose delay damages pursuant to Pa.R.A.P. 2744. We reject this request. Because of the uncertainty, perhaps confusion, which exists regarding the appealability of Rule 4019 sanction orders, caused in part by appellate decisions which have not been uniformly predictable, we will give appellant the benefit of the doubt. The costs of the appeal, however, must be paid by appellant. Pa.R.A.P. 2741(1).

Appeal quashed. Costs to be paid by appellant.