516 A.2d 834

Henry Woodruff and Dorothy Woodruff, Appellants *v.* Township of Lower Southampton, Appellee.

Submitted on briefs September 11, 1986, to Judges DOYLE and BARRY, and Senior Judge KALISH, sitting as a panel of three.

*E. Dillwyn Darlington,* for appellants.

*Daniel J. Lawler, Lawler & Gonzales,* for appellee.

OPINION BY JUDGE DOYLE, October 23, 1986:

In a previous decision in this case, *Woodruff v. Township of Lower Southampton,* 68 Pa. Commonwealth Ct. 171, 448 A.2d 692 (1982), this Court upheld an order of the Court of Common Pleas of Bucks County dated January 21, 1980, holding Henry and Dorothy Woodruff (Appellants) in contempt for failing to comply with a previous court order, dated January 16, 1967, enjoining them from operating a junkyard in violation of Lower Southampton Township's (Appellee's) zoning ordinances. Appellants were also ordered to pay at that time the sum of one hundred dollars ($100.00) for each day subsequent to January 21, 1980 that Appellants did not comply with the January 16, 1967 order.

After an appeal to this Court, which affirmed the trial court's 1980 contempt order, *see Woodruff,* Appellants still did not comply with the 1980 order. In 1984 the Appellee, because of Appellants' continuing noncompliance, moved to reduce to judgment the fines previously imposed by the order of January 21, 1980 for Appellants' continuing contempt of that order. The court assessed the one hundred dollar ($100.00) per diem fine, for the period between January 21, 1980 and May 15, 1984, the period during which Appellants were in contempt of the 1980 order, and entered a judgment against Appellants for $159,700.00 on May 15, 1984. Appellants again appeal to this Court, asserting three claims: (1) the trial court erred in calculating the number of days upon which the fine was based by including the time the January 21, 1980 order was under appeal to this Court; (2) the fine was excessive and unreasonable because it did not allow for remission

of any part of the fine; and (3) the trial court erred in computing the number of days between January 21, 1980 and May 15, 1984.

Appellants' first contention is that their appeal of the 1980 contempt order to this Court tolled the running of the daily fines until this Court rendered its initial decision in this matter. This contention is utterly without merit. In the absence of a stay of a contempt order, a contemnor must abide by the terms of the order, so long as it is in effect, until it is dissolved by the court issuing it or is reversed on appeal. *City of Pittsburgh v. Brunwasser*, 40 Pa. Commonwealth Ct. 197, 396 A.2d 907, *aff'd sub nom., Brunwasser v. Fields*, 487 Pa. 283, 409 A.2d 352, *cert. denied*, 444 U.S. 967 (1979). In the instant case, Appellants never applied to this Court or the trial court for a stay of the 1980 contempt order, nor did they attempt to comply with the terms of the 1980 order. Since Appellants took no action which would have ended or tolled their fines, imposition of the fines for the period that the Appellants took their initial appeal to this Court was proper.

Appellants' second contention is that the trial court's 1984 order does not state a condition so as to permit Appellants to purge themselves of their contempt. The gist of Appellants' position seems to be that the fines imposed upon Appellants in this case were imposed *retroactively* and, therefore, Appellants had no opportunity to purge themselves of their contempt. When a contempt is civil in nature, as it is in this case, a court must impose conditions on the sentence so as to permit the contemnor to purge himself; he must be allowed to carry the keys to the jail in his pocket. *Kramer v. Kelly*, 265 Pa. Superior Ct. 58, 64, 401 A.2d 799, 802 (1979). While a fine for a civil contempt may not be imposed retroactively, *Commonwealth ex rel. Beghian v. Beghian*, 408 Pa. 408, 184 A.2d 270 (1962), the fines in this

case were not so imposed. It is clear that the 1980 order of the trial court imposed the one hundred dollar ($100.00) a day fine *prospectively* from the date of that order. All the 1984 proceedings in this case did was to reduce to a judgment the aggregation of daily fines which had accumulated between the January 21, 1980 order and May 15, 1984 by reason of Appellants' continued contempt of the 1980 order. Appellants always had the keys to their jail in their pocket in this case; they could have cleaned up their junkyard so as to bring it in compliance with Appellee's zoning ordinance. The fine is so large in this case only because Appellants failed to obey the 1980 contempt order for over four years.

Lastly, Appellants contend that the trial court erroneously added 21 days to the period between January 21, 1980 and May 15, 1984 in computing the number of days upon which Appellants' fines are based. This last point is well taken and Appellee's concede that the trial court simply made a mathematical miscalculation and so erred. Therefore, we modify the judgment of the trial court, under the power granted to this Court under Section 706 of the Judicial Code, 42 Pa. C. S. §706, so as to reduce it from $159,700.00 to $157,600.00, and as so modified, we affirm.

ORDER

Now, October 23, 1986, the order of the Court of Common Pleas of Bucks County, dated May 15, 1984, in the above-captioned matter is hereby modified so as to reduce the amount of the judgment to $157,600.00, and as modified, is affirmed.