531 A.2d 103

Daniel T. Dunn, Warren L. Shaffer and Pennsylvania State Police, Appellants v. John Rulli, Appellee.

356

Argued May 19, 1987, before President Judge CRUMLISH, JR., and Judge COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Kenneth J. Benson,* Deputy Attorney General, with him, *Gregory R. Neuhauser,* Senior Deputy Attorney General, *Andrew S. Gordon,* Chief Deputy Attorney General, *LeRoy S. Zimmerman,* Attorney General, for appellants.

*Louis P. Vitti, Markovitz and Vitti,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., September 16, 1987:

Daniel Dunn, Warren Shaffer and the Pennsylvania State Police (State Police)[1] appeal an Allegheny County Common Pleas Court order determining them to be in contempt of its previous order directing expungement of John G. Rulli's criminal records. We reverse.

Rulli was convicted of various crimes between 1961 and 1964. In 1975, he applied for and received a full gubernatorial pardon. Having relocated to Las Vegas, Nevada, and in order to preserve his employment at a casino there, he petitioned the Allegheny County Common Pleas Court for expungement of his criminal records. That court granted his petition in 1979. After being unexpectedly discharged by his employer, he discovered that information concerning his criminal records was made available to his employer by the State Police, against whom Rulli then sought relief.[2] The common pleas court cited Dunn, Shaffer and the State Police for contempt of its expungement order.[3]

---

[1] Dunn, former Commissioner of the State Police, and Shaffer, former Director of Records, were named in their official capacities in the original complaint.

[2] Rulli originally submitted a petition for review in this Court, which considered it a petition for enforcement of the common pleas court order. Hence, by Order dated June 16, 1982 (No. 1378 C.D. 1982), the matter was transferred to the common pleas court for enforcement proceedings.

[3] The common pleas court heard argument on August 19, 1982, and that same day adjudged the State Police in contempt. In *Commonwealth ex rel. Magaziner v. Magaziner*, 434 Pa. 1, 253 A.2d 263 (1969), our Supreme Court articulated a five-step, two hearing procedure which must be followed in order to hold a person in civil contempt. There must be (1) a rule to show cause, (2) answer and hearing, (3) rule absolute (arrest), (4) hearing on the contempt citation, and (5) adjudication of contempt. The record is devoid of any indication that the first three of these procedures occurred.

The State Police appealed this contempt order to Superior Court, which quashed its appeal upon concluding that, because no sanctions had been imposed, the order was interlocutory. *Rulli v. Dunn,* 337 Pa. Superior Ct. 613, 487 A.2d 430 (1985). Having perceived controlling questions of law, the disposition of which would advance the appeal, the common pleas court thereafter certified its order, 42 Pa. C. S. §702, and permission to appeal was granted. Superior Court transferred this matter to this Court.[4]

The State Police maintain that, since it was never named in the common pleas court order directing expungement, it cannot be held in contempt of that order. We agree.

The contempt power is an inherent judicial power, *Woodruff v. Township of Lower Southampton,* 68 Pa. Commonwealth Ct. 171, 448 A.2d 692 (1982), and where a contempt citation is intended to enforce compliance with an order of the court and can be purged by complying with that directive, it will be recognized as civil, rather than criminal, in nature. *Commonwealth v. Marcone,* 487 Pa. 572, 410 A.2d 759 (1980).

Before a person may be cited for contempt, however, it must be shown that he had actual knowledge of the order. *East Caln Township v. Carter,* 440 Pa. 607, 269 A.2d 703 (1970). In *In Re Rubin,* 378 F.2d 104 (3d Cir. 1967), the Third Circuit Court of Appeals said that two requirements, each a corollary of the other, must be established. The first of these is the contemnor's knowledge; the corollary of this requirement is that the order must be specific and definite. *Id.* at 108. Hence, the order should leave no doubt about the conduct prohibited or required.

---

[4] The Allegheny County Common Pleas Court certified its order on March 14, 1985. Superior Court transferred the matter to this Court on January 13, 1987.

Here, the court's order directing expungement refers to seven "keeps of criminal records," who were to destroy all records of Rulli's convictions. The order does not refer to the State Police. It merely directs that the parties mentioned therein *request* the return of records made available to "state and federal agencies."[5] If an order is vague as to whom it is issued or as to what is to be done, even though a person may be chargeable with knowledge of the order, he should not be held in contempt of that order. Moreover, the "long-standing salutary rule in contempt cases is that ambiguities and omissions in orders redound to the benefit of the person charged with contempt." *Commonwealth v. Garrison,* 478 Pa. 356, 369, 386 A.2d 971, 977 (1978) (citing *Ford v. Kammerer,* 450 F.2d 279, 280 (3d Cir. 1971). Because the State Police were not named in the 1979 order and because the proper procedures were not followed (*see* n. 3, *supra*), we conclude that the common pleas court's finding of contempt was not warranted.

Were we to find that a valid common pleas court order was addressed to the State Police and specifically directed it to expunge Rulli's records, our inquiry would end. This is because if a court of competent jurisdiction has entered an order, a party failing to abide by its terms may be held in contempt despite any error or irregularity in the decree, which must be obeyed so long as it is in effect and until it is dissolved or reversed on appeal. *City of Pittsburgh v. Brunwasser,* 40 Pa. Commonwealth Ct. 197, 396 A.2d 907 (1979), *cert. denied, Brunwasser v. City of Pittsburgh,* 444 U.S. 967 (1979). However, we believe the common pleas court's certification of its order, in which it stated that controlling questions of law were involved, compels us to dispose of the issue of whether the State Police must ex-

---

[5] Record Item No. 13, p. 1.

punge the records of a person who has been convicted but subsequently pardoned.

The State Police contend that it cannot be held in contempt because the Criminal History Record Information Act, 18 Pa. C. S. §9122, authorizes expungement when a court order requires that *non-conviction* data be erased—that is, where pardons are granted for reasons other than innocence. It argues that it is required to maintain criminal records pursuant to 61 P.S. §2171.[6]

Rulli contends that all records of his prior criminal activity must be erased in order to give full effect to his gubernatorial pardon and that the State Police's interest in maintaining his records is outweighed by his right to be free from the harm inherently caused by this conviction record. *Commonwealth v. Malone,* 244 Pa. Superior Ct. 62, 366 A.2d 584 (1976).

This Court had occasion to address the issue of whether the State Police are required to expunge the records of a person who has been convicted but granted a full pardon when a statute directs the State Police to maintain them. In *Cohen v. Barger,* 11 Pa. Commonwealth Ct. 617, 314 A.2d 353 (1974), we held that, although a pardon generally eliminated the consequences of a criminal conviction, the fact of the conviction remains, and a petitioner is not entitled to have a conviction expunged. *See also Commonwealth v. Homison,* 253 Pa. Superior Ct. 486, 385 A.2d 443 (1978), and *Commonwealth v. Binder,* 267 Pa. Superior Ct. 558, 407 A.2d 50 (1979).

Thus, there is ample authority for the rule that the State Police are *not* required to expunge criminal conviction records.

---

[6] Section 1 of the Act of April 27, 1927, P.L. 414, *as amended.*

Accordingly, the order of the common pleas court is reversed.

ORDER

The Allegheny County Common Pleas Court order, Nos. 130 September 1961, 86 March 1964 and 248 January 1961 Criminal Division, dated August 19, 1982, is reversed.

Judge COLINS concurs in the result only.