544 A.2d 1094

John Rulli, Appellant *v.* Daniel T. Dunn et al., Appellees.

Argued May 24, 1988, before President Judge
CRUMLISH, JR., Judge SMITH, and Senior Judge BARBIERI,
sitting as a panel of three.

*Louis P. Vitti, Louis P. Vitti and Assoc., P.C.,* for ap-
pellant.

*Eugene G. Berry,* Deputy Attorney General, with
him, *Mark E. Garber,* Chief, Tort Litigation Unit, and
*LeRoy S. Zimmerman,* Attorney General, for appellees.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., July 26,
1988:

John Rulli appeals an Allegheny County Common
Pleas Court order sustaining the preliminary objections

of State Police Commissioner Jay Cochran and Director of Records Michael Gavitt and dismissing the complaint against them.

This case is related to a case decided earlier by this Court in *Dunn v. Rulli*, 109 Pa. Commonwealth Ct. 355, 531 A.2d 103 (1987). Rulli was convicted of various crimes between 1961 and 1964, for which he received a full gubernatorial pardon in 1975. Thereafter, he petitioned the Allegheny Common Pleas Court for expungement of his criminal records, which ordered expungement in 1979. When he was precipitously dismissed from his employment with a Las Vegas casino, he discovered that information on his criminal record was made available to his employer by the State Police. In *Dunn v. Rulli*, we concluded that Rulli's contempt action against officials of the State Police could not be sustained. In this case, we must decide if Rulli's action for damages against Commissioner Cochran and Director Gavitt may be sustained.[1] For the reasons which follow, we conclude that it may not.

---

[1] In 1983, Rulli originally filed an action against the State Police, Daniel Dunn, State Police Commissioner at that time, and Warren Shaffer, then Director of Records. Count I of Rulli's complaint sought compensatory damages for negligent failure to comply with the common pleas court order; Count II asserted a claim for punitive damages. The common pleas court, by Order dated October 24, 1983, at No. 83-12918 sustained the preliminary objections of all three defendants as to Count II and directed the defendants to file a responsive pleading. Thereafter, Rulli filed a petition to amend his complaint by adding as additional defendants Cochran and Gavitt, who had recently been appointed Commissioner and Director, respectively. The common pleas court granted Rulli's petition and subsequently entered an order dated May 23, 1985, at No. GD 83-12918 sustaining the preliminary objections of Cochran and Gavitt which Rulli timely appealed to the Superior Court. The Superior Court heard argument on Rulli's appeal but transferred the matter to this Court.

In his complaint, Rulli averred that the State Police was "negligent in expressly refusing to carry out" the common pleas court's expungement order. Complaint, para 14. Rulli contends on appeal that the court erred in sustaining Cochran and Gavitt's preliminary objections because his complaint set forth sufficient facts to present the case to a jury. We disagree.

As stated in *Dunn v. Rulli*, the common pleas court's expungement order did not refer to the State Police, Commissioner Cochran or to Director Gavitt. Although the order specifically names certain Pittsburgh and Allegheny County officials who were directed to expunge Rulli's record of conviction from their files, it merely directs those persons to "request the return of records made available to 'state or federal agencies.' " If we assume that the state agencies referred to in this order include the State Police, then it is clear that that agency is not being ordered to do anything at all. To the contrary, the named "keeps of criminal records" were directed merely to ask for the return of criminal records in the hands of state agencies. Had the common pleas court determined to order the State Police to expunge its records, then it would have employed the same, specific, mandatory language used to so direct the county and city officials.

Moreover, until the recent case of *Commonwealth v. C.S.*, 517 Pa. 89, 534 A.2d 1053 (1987), where our Supreme Court held that criminal records must be expunged even when the beneficiary of a gubernatorial pardon had been *convicted,* prior authority supported the State Police position that it was required to maintain conviction data when pardons were granted for reasons other than innocence. *See Cohen v. Barger,* 11 Pa. Commonwealth Ct. 617, 314 A.2d 353 (1974); *Commonwealth v. Homison,* 253 Pa. Superior Ct. 486, 385 A.2d 443 (1978); and *Commonwealth v. Binder,* 267 Pa.

Superior Ct. 558, 407 A.2d 50 (1979). Moreover, Section 1 of the Act of April 27, 1927[2] provides that the State Police

> shall continue to procure and file for record, photographs, pictures, descriptions, fingerprints, and such other information as may be pertinent, of all persons who have been, or may hereafter be, convicted of crime within this Commonwealth . . . .

Thus, until the recent decision of *Commonwealth v. C.S.*, the State Police were under no duty to expunge conviction records.

In view of the fact that the expungement order was not directed to Cochran and Gavitt and that there was no duty under the case law or statutes to expunge, we hold that the common pleas court properly dismissed Rulli's complaint against them. Simply stated, Rulli's pleadings do not set forth any duty on the part of Cochran or Gavitt, the breach of which caused Rulli's termination.

Accordingly, the common pleas court order is affirmed.

ORDER

The Allegheny County Common Pleas Court order, No. GD 83-12918, dated May 23, 1985, is affirmed.

---

[2] Act of April 27, 1927, P.L. 414, *as amended*, 61 P.S. §2171.