**Audrey K. SARGENT, Appellee,**

v.

**Walter F. SARGENT III, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 16, 1999.
Filed June 21, 1999.

Joseph P. Burt, Erie, for appellant.

Thomas S. Kubinski, Erie, for Erie County Domestic Relations, participating party.

Before DEL SOLE, LALLY–GREEN, and MONTEMURO,* JJ.

LALLY–GREEN, J.

¶ 1 Appellant, Walter F. Sargent III, appeals from an order finding him in contempt for nonpayment of child support. Because this order is not a final order, we quash the appeal.

¶ 2 Initially, we address the procedural irregularities which have occurred since the Notice of Appeal was filed. For some

---

* Retired Justice assigned to Superior Court.

unexplained reason, the Notice of Appeal was captioned "Commonwealth of Pennsylvania v. Walter F. Sargent III." The docketing statement, the caption on Sargent's brief and the trial court opinion are similarly captioned. The documents filed in this Court list the Commonwealth as the appellee. The record, however, reveals that this is a support case originally filed in the Family Division of the Court of Common Pleas of Erie County. The case was commenced by a support complaint filed by Audrey K. Sargent against Appellant and is captioned "Audrey K. Sargent v. Walter F. Sargent III." This case is not a criminal case and the Commonwealth is not a party. Audrey K. Sargent is the proper Appellee.

¶ 3 The next matter we address is what type of contempt order is at issue. Where the dominant purpose of a contempt order is to coerce the contemnor to comply with an order of court, the contempt adjudication is civil. *Diamond v. Diamond*, 715 A.2d 1190 (Pa.Super.1998) Thus, the order appealed from is a civil contempt order. We have, therefore, made the appropriate corrections to our docket.

¶ 4 We note further that counsel, who was appointed by the trial court, has filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). A motion to withdraw under *Anders* is appropriate when appointed counsel in a criminal case seeks to withdraw based on his or her assessment that the appeal is frivolous. *Commonwealth v. McClendon*, 495 Pa. 467, 469–70, 434 A.2d 1185, 1186 (1981). As *Anders* is not the appropriate vehicle for withdrawing as counsel in a civil case, and counsel presents no other reason for withdrawal, we deny counsel's motion to withdraw.

¶ 5 We now turn to the issue of appealability. This Court has jurisdiction only over "appeals from **final** orders of the courts of common pleas...." 42 Pa.C.S.A.

§ 742 (emphasis added). Until sanctions or imprisonment are actually imposed, an order declaring a party in contempt is interlocutory and not appealable. *Rulli v. Dunn*, 337 Pa.Super. 613, 487 A.2d 430, 431 (1985); *Hester v. Bagnato*, 292 Pa.Super. 322, 437 A.2d 66, 67 (1981).

¶ 6 Two cases illustrate the preceding point. In *Cedar Valley Civic Association v. Schnabel*, 239 Pa.Super. 486, 362 A.2d 993 (1976), Schnable was held in contempt and sentenced to a term of imprisonment. *Id.* at 994. The order of commitment was stayed in order to permit Schnable to post a bond to ensure compliance with the court's previous orders. *Id.* Schnable filed his appeal and, five days later, filed the bond. *Id.* This Court quashed the appeal because the trial court's order was interlocutory. *Id.* Similarly, in *Fox v. Gabler*, 377 Pa.Super. 341, 547 A.2d 399 (1988), the trial court found Gabler in contempt and required him to post a bond or face incarceration. *Id.* at 401. This Court quashed the appeal, holding that the order appealed from was interlocutory.

¶ 7 The record reflects that the trial court issued an order wherein the Appellant was found in contempt for nonpayment of child support and was sentenced to 6 months incarceration or a purge of $5,538.80 plus fees. The term of incarceration was to be served only if Appellant failed to purge his child support obligations within thirty days. Appellant filed his appeal before the thirty days passed. Since the threatened sanction of imprisonment may or may not be imposed in the future depending on whether Appellant pays the past due support, the order is at present interlocutory and not appealable. *See McManus v. Chubb Group of Insurance Companies*, 342 Pa.Super. 405, 493 A.2d 84, 86 (1985). Accordingly, we quash the appeal.

¶ 8 Appeal quashed.