428 A.2d 178

**Thomas HALL, and Janet Hall, Appellants,**

**v.**

**John Jackson LEE, Jr., and James F. Lombardo and Sons.**

Superior Court of Pennsylvania.

Argued Sept. 9, 1980.

Filed April 3, 1981.

Allen L. Feingold, Philadelphia, for appellants.

Peter J. Hoffman, Philadelphia, for appellees.

Before WICKERSHAM, HOFFMAN and VAN der VOORT, JJ.

WICKERSHAM, Judge:

This is an appeal from the lower court's order denying appellants' motion for sanctions. Because the appeal is not properly before us, we are compelled to quash it.

The facts underlying this appeal may be summarized as follows. On December 8, 1978, appellants filed a complaint in trespass alleging that they had sustained injuries as a

result of an automobile accident. On June 15, 1979, their counsel, Mr. Feingold, requested that defendants-appellees make available all documents subject to discovery under the rules of civil procedure. In response thereto, appellees forwarded certain documents that they maintained fulfilled their obligations. Mr. Feingold was not satisfied, however, and on August 13, 1979, he filed his first motion for sanctions contending that appellees should be compelled to produce further records. The lower court denied Mr. Feingold's motion for sanctions. On October 22, 1979, Mr. Feingold filed a second motion for sanctions alleging that appellees had perpetrated a fraud on the court by failing to forward documents that were subject to discovery. Mr. Feingold also requested five hundred dollars as attorney's fees for preparing his second motion for sanctions. The lower court denied Mr. Feingold's motion and directed him to pay appellees' counsel one hundred dollars as attorney's fees for preparing and filing an answer to the motion. This appeal followed.

■ Before we may consider the merits of this appeal, we must determine whether it is properly before us. Although the appellees did not raise this issue, the appealability of an order is a question of jurisdiction and may be raised *sua sponte*. *Williams v. Williams*, 253 Pa.Super. 444, 385 A.2d 422 (1978); *Polascik v. Baldwin*, 245 Pa.Super. 1, 369 A.2d 263 (1976); 42 Pa.C.S. § 704(b)(2). Our court's appellate jurisdiction is generally limited to appeals from final orders of courts of common pleas. 42 Pa.C.S. § 742. A final order is generally one which terminates the litigation, disposes of the entire case, or effectively puts the litigant out of court. *Adoption of G. M.*, 484 Pa. 24, 398 A.2d 642 (1979); *In the Interest of C. A. M.*, 264 Pa.Super. 300, 399 A.2d 786, (1979). "The reason for prohibiting appeals from interlocutory orders is 'to preclude piecemeal determinations and the consequent protraction of litigation.'" *Piltzer v. Independence Federal Savings and Loan Association of Philadelphia*, 456 Pa. 402, 406, 319 A.2d 677, 678 (1974); *quoting from Sullivan v. Philadelphia*, 378 Pa. 648, 649, 107 A.2d 854, 855

(1954). Orders which do not dispose of the entire case may be deemed final and appealable, however, if postponement of appeal until after final judgment might result in the irreparable loss of the right asserted. *Pugar v. Greco*, 483 Pa. 68, 73, 394 A.2d 542, 545 (1978), *construing Cohen v. Beneficial Industrial Loan Corporation*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).[1]

Appellants argue that their second motion for sanctions was necessary to compel appellees to produce discoverable material. Sanctions for failure to adequately respond to requests for discovery are provided for in Pa.R.C.P. No. 4019(a). Goodrich-Amram states that:

> Generally, the appealability of an order of the court under Rule 4019(a) will depend upon its finality. If the effect of the order is the equivalent of a final judgment, that is, if it disposes of the entire case upon its merits and leaves nothing for trial, it will be appealable.

Goodrich-Amram 2d § 4019(a):12.

It is manifestly clear that the order *sub judice* denying appellants' motion for sanctions did not dispose of the entire case upon its merits. The only question remaining therefore is whether the postponement of this appeal will result in the irreparable loss of other rights asserted.

Mr. Feingold's second motion for sanctions also requested five hundred dollars as attorney's fees for preparing the motion. The lower court's order denied that request and ordered Mr. Feingold to pay appellees' counsel one hundred dollars. The lower court stated in its opinion that:

> ... Mr. Feingold's second Motion for Sanctions, which was almost a repeat of ... [his first motion], was not only unwarranted but evidenced a disregard for the proper procedures as defined by our rules. He compounded his improper action by requesting that Defendants pay a counsel fee for compelling him to take it.

1. Two other considerations employed in *Pugar* for determining whether an order is final are whether it is (1) separable from and collateral to the main cause of action and (2) the right involved is too important to be denied review.

It was Defendants' counsel, acting in good faith and proceeding with due diligence in answering Mr. Feingold's second motion, who clearly deserved to be recompensed for the work performed in responding to such a spurious motion. Therefore, we awarded Defendants' counsel the sum of $100.00, as reasonable attorney fees for the preparation and filing of his answer.

We note that this is not the first instance in which Mr. Feingold has transcended the bounds of fair play by filing certain discovery motions that have proved not only a waste of opposition counsel's time, but has [sic] wasted valuable judicial time.

(Lower court opinion at 2–3).

■ Authority for appellants' request for counsel fees is found presumedly at Pa.R.C.P. No. 4019(g)(1) which provides that:

(g)(1) Except as otherwise provided in these rules, if following the refusal, objection or failure of a party or person to comply with any provision of this chapter, the court, after opportunity for hearing, enters an order compelling compliance and the order is not obeyed, the court on a subsequent motion for sanctions may, if the motion is granted, require the party or deponent whose conduct necessitated the motions or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses, including attorney's fees, incurred in obtaining the order of compliance and the order for sanctions, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

As a general rule, an appeal does not lie from an order refusing counsel fees, *Rutherford v. Rutherford*, 152 Pa.Super. 517, 32 A.2d 921 (1943); 9 Standard Pennsylvania Practice 83, and we find no reason to depart from the general rule in the instant case.

Authority for the lower court's imposition of attorney's fees upon Mr. Feingold may be found at Pa.R.C.P. No. 4019(g)(2) which provides that:

(2) If the motion for sanctions is denied, the court shall, after opportunity for hearing, require the moving party *or the attorney advising the motion* or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust. (Emphasis added).

The explanatory note to Rule 4019(g) states that:

These are powerful disciplinary tools, if the courts will use them. The placing of the burden to escape the expenses and counsel fees on the shoulders of the losing party, plus the new provision for imposing the sanction on the attorney, will hopefully assure compliance with the Discovery Rules and a minimum of sanction proceedings.

Our court has found in previous cases that an order directing the payment of counsel fees and expenses is appealable even though made before the entry of a final decree on the merits. *See Jerry Pitell Co., Inc. v. Penn State Construction, Inc.*, 277 Pa.Super. 575, 419 A.2d 1299 (1980); *Rutherford v. Rutherford, supra.* *Pitell* is distinguishable from the present case, however, because there judgment had been entered on the order directing payment of counsel fees. The order *sub judice* was not similarly reduced to judgment.[2] In *Rutherford*, the order appealed from awarded the wife in a divorce action an additional counsel fee of $2,500 and expenses in the amount of $1,000. Our court found that the lower court's order was final in that, if the husband paid it, he could never recover it back. In contrast, we find that the right to contest the award of

---

2.  We note additionally that even had the order imposing counsel fees on Mr. Feingold been reduced to judgment, that fact alone would not necessarily be controlling. Reduction of an order to judgment by the clerk of the lower court upon praecipe of a party is a purely ministerial act. Entry of judgment cannot render appealable an otherwise nonappealable order. It is entirely appropriate for an appellate court to look behind the judgment to determine whether the action in question is in fact one from which an appeal properly lies.

one hundred dollars counsel fees in the instant case will not be irreparably lost if review is postponed until judgment. *Cf. Pugar v. Greco, supra* (appeal from the imposition of costs incident to taking appeal to common pleas court from award by board of arbitrators held properly postponed until final judgment). Moreover, we believe that if this order were found to be presently appealable, it would tend to discourage the lower court's use of this disciplinary tool, and it would merely become another weapon in the arsenal of dilatory practice for the attorney who wished to delay judicial proceedings.

Appeal quashed.