434 A.2d 752

**Rowland S. WILLIAMS and Shirley Williams,**

v.

**ERIE INSURANCE EXCHANGE, Appellant.**

Superior Court of Pennsylvania.

Argued June 11, 1980.

Filed Sept. 4, 1981.

Sigmon & Ross, P. C., Michael P. Shay, Bethlehem, for appellant.

P. Jeffrey Hill, Allentown, for appellees.

Before HESTER, CAVANAUGH and VAN der VOORT, JJ.

CAVANAUGH, Judge:

This is an appeal from an order of the court below granting summary judgment to the appellees, Rowland and Shirley Williams, on the question of the liability of the appellant under a no-fault insurance policy for injuries sustained by Mrs. Williams. Because it is interlocutory, we quash the appeal.

There is no dispute that the summary judgment entered in appellee's favor is limited to the question of liability. As to a determination of damages, the court states that either "party may file a praecipe requesting this case be listed for pre-trial conference for the purpose of ascertaining, to the extent possible, the amount of damages due to plaintiffs." Thus the order was entered pursuant to Pa.R.C.P., Rule 1035, which states: "... a summary judgment, interlocutory in character, may be rendered on the issues of liability alone although there is a genuine issue as to the amount of damages." In *Newill v. Piccolomini*, 228 Pa.Super. 220, 323 A.2d 40 (1974), this court, relying on Rule 1035, quashed an appeal as interlocutory where summary judgment was granted as to the ownership of certain coal rights, but damages had not yet been assessed. See also 2 Goodrich-Amram 2d, § 1035(b):10, p. 449, which states, "... where judgment is entered for liability only, reserving the question of damages, this judgment is 'interlocutory'. Such a judgment is therefore not appealable."[1]

Appeal quashed.

1. In *Fadgen v. Lenkner*, 469 Pa. 272, 365 A.2d 147 (1976) the Supreme Court entertained an appeal from an order of the lower court as to liability for trespass based upon the theory of criminal conversation. A determination of damages was expressly reserved. There, however, the court elected to treat the lower court's order as a certification of the question of whether the theory of criminal conversation retains vitality in light of modern legal and societal changes. 469 Pa. at 275 n. 1, 365 A.2d at 148 n. 1.