478 A.2d 868

**Valerie SIMS**

v.

**Allen FEINGOLD, individually and t/a A.L. Feingold Associates, Appellants.**

Superior Court of Pennsylvania.

Argued May 8, 1984.

Filed July 13, 1984.

438

Allen Feingold, in propria persona.

Harold F. Kaufman, Philadelphia, for appellee.

Before WICKERSHAM, WIEAND and LIPEZ, JJ.

WIEAND, Judge:

In this action for legal malpractice, the trial court entered a default judgment in favor of the plaintiff, Valerie Sims, after the defendant, Allen Feingold, Esquire, had adamantly and repeatedly refused to comply with a court order directing defendant to produce for examination certain documents from his file. The defendant immediately appealed. Plaintiff's damages, however, have not yet been determined. Because a final order has not been entered, we quash the present appeal.

"Final orders are those which make a final determination of the rights of the parties relating to the subject matter of the action, leaving nothing further to be done. . . ." *Navarro v. Ohio Casualty Insurance Co.*, 295 Pa.Super. 151, 154, 441 A.2d 394, 395 (1982). See also: *Rigidply Rafters, Inc. v. Aetna Casualty and Surety Co.*, 311 Pa.Super. 549, 457 A.2d 1318 (1983). "An order granting a summary judgment on one issue, where genuine issues remain, is generally a

nonappealable interlocutory order." 16 Std.Pa.Prac.2d § 86:32 (1983). Thus, "where judgment is entered for liability only, reserving the question of damages, [the] judgment is 'interlocutory'. Such a judgment is . . . not appealable." *Williams v. Erie Insurance Exchange*, 290 Pa.Super. 279, 280, 434 A.2d 752, 753 (1981), quoting 2 Goodrich-Amram 2d § 1035(b):10 (1976). See also: *Inselberg v. Employers Mutual Companies*, 291 Pa.Super. 406, 408, 435 A.2d 1290, 1291 (1981); *Newill v. Piccolomini*, 228 Pa.Super. 220, 323 A.2d 40 (1974). Similarly, where a judgment has been entered against a defendant by default, but the question of damages remains undetermined, an appeal must await the assessment of damages.

Appeal quashed.