493 A.2d 741

**MILLER ORAL SURGERY, INC.**

v.

**Donald D. DINELLO, D.M.D., C. Richard Miller, D.D.S., Wesley Sabocheck, D.M.D., and Donald D. Dinello, D.M.D., P.C.**

**Appeal of Donald D. DINELLO, D.M.D., Wesley Sabocheck, D.M.D., and Donald D. Dinello, D.M.D., P.C.**

Superior Court of Pennsylvania.

Argued Sept. 20, 1984.

Filed May 24, 1985.

578

Joseph J. Malatesta, Jr., Harrisburg, for appellants. Charles W. Rubendall, II, Harrisburg, for appellee.

Before WICKERSHAM, WIEAND and HESTER, JJ.

WIEAND, Judge:

Miller Oral Surgery, Inc. commenced an action for damages against Donald D. Dinello, D.M.D., C. Richard Miller, D.D.S., Wesley Sabocheck, D.M.D., and Dr. Dinello's professional corporation on grounds that the defendants had tortiously interfered with plaintiff's business relationships by accepting and treating as patients persons whom defendants knew to be patients of plaintiff. This occurred, it was alleged, because defendants were occupying office space

formerly leased to and used by plaintiff, and also because C. Richard Miller, who had formerly been associated with plaintiff, was diverting plaintiff's patients to the defendants. Plaintiff sought by discovery to obtain[1] the names and addresses of patients treated by defendants at plaintiff's former offices. Defendants moved for a protective order. It was denied. After the motion for protective order had been denied,[2] defendant-appellants refused to produce documents requested by the plaintiff. There followed a series of motions and court orders[3] directing the defendants to provide discovery and which, when discovery was not forthcoming, caused the court to enter a sanction order. The sanction chosen by the court was the entry of a default judgment against defendants on the issue of liability. See: Pa.R.C.P. 4019(c)(3).

On March 22, 1983, seventy-six (76) days after entry of the default judgment, appellants[4] filed a petition to open the judgment. Their petition contained averments that in the interim defendants had provided plaintiff with the names and addresses of more than 900 patients who had been treated in the offices formerly occupied by plaintiff. An answer was filed denying, inter alia, that defendants had fully complied with the court's directions. On August 11, 1983, the trial court denied defendants' petition to open judgment. Defendants then appealed from the order refusing to open the judgment. Their appeal, however, does not seek review of the order denying the petition to open. Their appeal, rather, is directed to the sanction order entering default judgment. Thus, they state the issues on appeal as follows:

1. Only the professional corporation, Donald D. Dinello, D.M.D., P.C., was served with interrogatories.

2. An appeal to the Superior Court from this order was quashed because the order was interlocutory.

3. On September 8, 1982, the court ordered that Dinello, Sabocheck *and* the professional corporation answer the disputed interrogatories or face sanctions.

4. Dr. Miller is not a party to this appeal.

> I. Whether the lower court's entry of a default judgment as a sanction in discovery was invalid, where the underlying request for discovery was invalid?
>
> II. Whether, even if the underlying request for discovery was not invalid, the lower court's entry of a default judgment as a sanction against the Appellants either originally was or later became an abuse of discretion?
>
> III. Whether the lower court's entry of a default judgment against Drs. Dinello and Sabocheck was improper, where the underlying request for discovery had not been addressed to either of them?

Statement of Questions Involved, Appellants' Brief, p. 4.

■■■ We have determined that the present appeal is improper and must be quashed. In *Sims v. Feingold*, 329 Pa.Super. 437, 478 A.2d 868 (1984), this Court held that an order entering a default judgment against a defendant for failure to comply with the trial court's several discovery orders was interlocutory and not appealable until after damages had been determined. See also: 16 Std.Pa.Prac.2d § 86:32 (1983).[5] This holding was consistent with prior decisions of the Court which had held uniformly that a summary judgment entered in favor of a plaintiff on the issue of liability was not appealable until damages had been determined and judgment entered in a monetary amount. See: *Williams v. Erie Insurance Exchange*, 290 Pa.Super. 279, 280, 434 A.2d 752, 753 (1981), quoting 2 Goodrich-Amram 2d § 1035(b):10 (1976); *Inselberg v. Employers Mutual Companies*, 291 Pa.Super. 406, 435 A.2d 1290 (1981); *Ne-*

---

5. We decline to follow a contrary holding by the Commonwealth Court in *Marshall v. Southeastern Pennsylvania Transportation Authority*, 76 Pa.Cmwlth. 205, 463 A.2d 1215 (1983). The rule there followed would permit two appeals in the same action; the first would require a review of liability, and the second would entail a review of damage issues. We believe such a rule would be inefficient and unwise. There is no reason why one appeal, during which issues of liability and damages can be reviewed, will not suffice. In any event, the rule adopted by the Commonwealth Court would also require a quashing of the instant appeal. The order entering judgment on the issue of liability was not appealed within thirty days as required by Pa.R.App.P. 903(a).

*will v. Piccolomini,* 228 Pa.Super. 220, 323 A.2d 40 (1974). Because the present litigation has not been finally determined, an appeal will not lie. Appellants cannot obtain appellate review of the trial court's sanction order under the guise of a petition to open the default judgment entered on the issue of liability. The judgment entered solely on the issue of liability did not terminate the litigation. Therefore, it was interlocutory and unappealable; it will not be rendered final and appealable because the trial court subsequently denied a petition to open it.

■ The judgment on the issue of liability in this case was not entered by confession or by default. It was entered *by the court* pursuant to Pa.R.C.P. 4019(c)(3) as a sanction for appellants' refusal to provide discovery as directed by the court. A sanction order entering judgment pursuant to Pa.R.C.P. 4019(c)(3) is not subject to a petition to open. There is no authority in the rules for such a petition, and orderly practice suggests that there should be none. In this respect a default judgment entered pursuant to Pa.R.C.P. 4019(c)(3) is comparable to a judgment entered after hearing. A party may request a court to reconsider a sanction order entering judgment, of course, but neither reconsideration nor refusal to reconsider will transform an interlocutory order into one that is final and appealable.

■ Appellants argue that an order opening or refusing to open *any* judgment, even though interlocutory, has been made appealable as of right by Pa.R.App.P. 311(a)(1). This rule does not aid appellants in the instant case. As we have observed, the trial court's sanction order entering judgment on the issue of liability in this case was not properly the subject of a petition to open. Appellants' petition, therefore, must be treated as a petition to the trial court to reconsider its prior order. That this was appellants' intent is apparent from their argument on appeal that the sanction order entering judgment was invalid. The trial court's refusal to reconsider its prior order, however, is not appealable.

By quashing the present appeal we leave unreviewed the order of the trial court entering a default judgment on the issue of liability. See: Pa.R.App.P. 311(d)(1)(i). If the action proceeds to final judgment for monetary damages, an appeal from the final judgment will bring up for review the entire proceedings, including the sanction order entering judgment in favor of appellees on the issue of liability.[6] By quashing the present appeal and refusing to review the propriety of the trial court's sanction order at this time, we limit to one the number of appeals which can be spawned by the same action.

Appeal quashed.

6. Pa.R.App.P. 311(d)(1)(i) has effectively overruled an earlier ruling of this Court in *Scharfman v. Philadelphia Transportation Co.*, 234 Pa.Super. 563, 340 A.2d 539 (1975), which held that a failure to appeal from an order refusing to open a default judgment entered pursuant to Pa.R.C.P. 4019 constituted a waiver and barred appellate review thereof during an appeal from a final judgment for monetary damages entered thereafter.