511 A.2d 858

**ELDERKIN, MARTIN, KELLY, MESSINA & ZAMBOLDI**

**v.**

**Gerald J. SEDNEY and Mark C. Polinek, jointly t/d/b/a Bayshore Marine, Appellants.**

Superior Court of Pennsylvania.

Submitted Oct. 31, 1985.

Filed June 23, 1986.

M. Richard Mellon, Erie, for appellants.

James H. Richardson, Jr., Erie, for appellee.

Before WIEAND, DEL SOLE and JOHNSON, JJ.

DEL SOLE, Judge:

We are asked to decide whether the trial court erred in entering an order imposing sanctions, authorized by a local rule, against the defendant who failed to appear for the pre-trial conference. We find that the appeal is premature and that it must be quashed.

The facts are that several times during 1981, Appellants, defendants below, consulted with attorneys from United Financial Services, plaintiff, regarding expansion of their marine business. Appellants were presented with a bill for legal services, and a dispute arose over payment. Appellants claimed that they were never informed that the consultations were not part of the lending institution's services. The dispute continued, and the plaintiff filed suit in arbitration in the Erie County Court of Common Pleas. When the case was called into arbitration, Gerald Sedney did not appear. He had apparently recently suffered a heart attack and had left the Erie area in order to recuperate. A verdict

for the plaintiff was granted, and a timely appeal was taken. A *de novo* trial was scheduled. Counsel for defendant was to be in Pittsburgh during the time for the pre-trial conference and requested to be permitted to phone the court in order to appear for the conference. Although the court claimed it never had the opportunity to approve of this procedure, it awaited the call from defendants. The call was to take place at 10:00 a.m. At 10:20 a.m., the trial court granted plaintiff's motions for sanctions, which precluded the defendants from entering any evidence in their own defense or from opposing the claims of the plaintiff. Appellants assert that counsel's father became ill suddenly and that he finally contacted the court at 10:30 and was informed of the court's order.

Before this Court can address the merits of an appeal, our jurisdiction to decide those claims must be established. In order to avoid piecemeal litigation, no appeal will be permitted from an interlocutory order, unless specifically provided for by statute. *See:* Pa.R.App.P. 311, *Caplan v. Keystone Weaving Mill,* 431 Pa. 407, 246 A.2d 384 (1968). Otherwise, an appeal must be taken from a final order. Pa.R.App.P. 702(a); *Sechler v. Ensign-Beckford Co.,* 322 Pa.Super. 162, 469 A.2d 233 (1983).

The Supreme Court of Pennsylvania in *Commonwealth v. Wheeling Pittsburgh Steel,* 473 Pa. 432, 375 A.2d 320, (1977), considered whether an order precluding Appellant from presenting its affirmative defenses was final and appealable. The court stated: "The refusal to allow evidence of a possibly meritorious defense effectively puts Wheeling out of court and, therefore, the order is 'final' for appeal purposes". Id. 473 Pa. at 40, 375 A.2d at 323.

More recently, however, the Supreme Court has addressed the question of the appealability of an order and the test to be applied in making such a determination. *Fried v. Fried,* 509 Pa. 89, 501 A.2d 211 (1985). The order at issue in *Fried* related to alimony pendete lite, counsel fees, and expenses. In concluding that the order was interlocutory and not reviewable until final disposition of the case, the

Court utilized the test announced in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The Court in *Fried* noted that it was "persuaded by the wisdom of the approach" of the *Cohen* decision and therefore adopted it as part of the law of Pennsylvania in *Bell v. Consumer Discount Company*, 465 Pa. 225, 348 A.2d 734, 735 (1975). *Fried v. Fried, supra.*, 509 Pa. at 94, 501 A.2d at 214. In *Fried* the Supreme Court "affirmed the adoption of Cohen" and stated:

> Under *Cohen*, an order is considered final and appealable if (1) *it is separable from and collateral to the main cause of action;* (2) *the right involved is too important to be denied review;* and (3) *the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost.* *Id.* 337 U.S. at 546, 59 S.Ct. at 1226, 93 L.Ed. at 536.

*Fried v. Fried, supra.*, 509 Pa. at 94, 501 A.2d at 214, *quoting Pugar v. Greco*, 483 Pa. 68, 73, 394 A.2d 542, 545 (1978).

In view of the Supreme Court's action in *Fried*, we find the appropriate test to be applied in determining finality is the three prong *Cohen* test. While the first two prongs of this test will be met in many instances, to qualify as an appealable order, each of the three factors must be met. *Fried v. Fried, supra.* Accordingly, when analyzing an order to determine finality the last prong of the *Cohen* test is critical. A party seeking to determine if an immediate appeal should be taken from a particular order must ask whether an appeal from that order is permitted by statute or rule, and if not whether determination of the issue will be irreparably lost when review is postponed until final judgment in the case.

In light of the above, we have examined the instant order and we conclude the propriety of the trial court's sanction order may arguably be considered separable from and collateral to the main cause of action. The issue may also be viewed as too important to be denied review. Nevertheless, this claimed right would not be irreparably lost if review were postponed until final judgment in the case. At that

time all preserved issues could be raised at once and heard by the appellate courts. Thus, review is not denied, it is merely postponed until a more appropriate time. *Sutliff v. Sutliff*, 326 Pa.Super. 496, 506–507, 474 A.2d 599, 604 (1984) (Beck, J. dissenting).

The sanction imposed herein precluded defendants from opposing plaintiff's claims or from entering their own defense. This would not prohibit defendants from cross-examining and impeaching plaintiff's witnesses and objecting to the admission of evidence. In this case, it is still entirely possible that the jury may disregard the plaintiff's evidence and find for defendants. If the parties remain in the trial court until final judgment, there also exists the possibility that the litigation will be amicably resolved or that the parties will be satisfied with the result. In each of these instances, the defendants claim of error would not be lost by postponing review until final judgment and the unnecessary delay which accompanies interim appeals would be avoided.

If our goal to do justice is to be achieved, we must keep in mind that justice delayed is justice denied. As stated by the Supreme Court in *Fried:* "Our decision today reflects that policy of law which abhors 'piecemeal' determinations and the consequent protraction of litigation". *Fried v. Fried, supra.,* 509 Pa. at 97, 501 A.2d at 215.[1]

In recent years, the Supreme Court of Pennsylvania has adopted changes in the Appellate Rules to foster the goal of eliminating "piecemeal" determinations. In 1983, Pennsylvania Rule of Appellate Procedure 1701(b) was amended to include subsections (6) which grants the trial court the authority to proceed with matters at the trial level when an appeal has been filed from a nonappealable order. Also, in

---

**1.** See also, *Commonwealth v. Brady,* 510 Pa. 336, 508 A.2d 286 (1986) (where the Supreme Court ruled an appeal from the denial of a motion to dismiss on double jeopardy grounds was interlocutory and should be quashed when the hearing court has considered the motion and made written findings that it is frivolous. The Court speaking through Chief Justice Nix noted, "The needless delays engendered by frivolous appeals hinder the administration of justice as well as the public interest." *Id.,* 510 Pa. at 346, 508 A.2d at 291).

1985, Appellate Rule 311(a)(1) was amended to provide where a party seeks to open, vacate and/or strike off a judgment, "no appeal may be filed until the court has disposed of each claim for relief." Pa.R.A.P., Rule 311(a)(1), 42 Pa.C.S.A. These rule changes were designed to prevent "piecemeal" determinations of issues, and to prevent the filing of an appeal notice in a nonappealable case from frustrating the orderly progression of the case to its final conclusion.

This same policy was evident in recent decisions of this Court involving immediate appeals from sanction orders. In the case of a default judgment entered for failure to comply with a discovery order, the defendant's appeal subsequent to a judgment on liability but prior to the assessment of damages was found to be interlocutory. *Sims v. Feingold*, 329 Pa.Super. 437, 478 A.2d 869 (1984). See also: *Miller Oral Surgery, Inc. v. Dinello*, 342 Pa.Super. 577, 493 A.2d 741 (1985), where this Court expressly declined to follow a Commonwealth Court case, *Marshall v. Southeastern Pennsylvania Transit Authority*, 76 Pa.Com. 205, 463 A.2d 1215 (1983), which would have permitted separate review of a default judgment entered as to liability and a second review following a subsequent determination of damages. Further, this Court in *McManus v. Chubb Group of Insurance Companies*, 342 Pa.Super. 405, 493 A.2d 84 (1985) announced the policy that: "In the absence of unusual circumstances, we will not review discovery or sanction orders prior to a final judgment in the main action". *Id.*, 342 Pa.Super. at 410, 493 A.2d at 87.

> (B)y refusing an interim review of the sanction order, the main action can proceed uninterrupted to a final judgment, and thereafter, the final judgment, as well as interlocutory orders entered by the court, can be reviewed in one appeal.

*Id.*, 342 Pa.Superior Ct. at 409, 493 A.2d at 87.

While some may view the conclusion reached today as potentially unjust given a different or "unusual circumstance", we hasten to point out that the Appellate Rules provide a means for taking appeals by permission. *See:*

Pa.R.A.P., Rule 311, 42 Pa.C.S.A. This procedure, when accompanied by a certification from the trial court of controlling question of law, or of a refusal for such a certification acts as a safety valve. It allows the Appellate Courts of the Commonwealth to address intermediate questions in cases pending in the trial court upon showing that the matter deserves to be addressed.[2]

To the extent we can possibly reduce delay prior to final judgment at the trial level, we should foster that goal. This goal would best be fostered by not permitting appeals until the litigation at the trial level has concluded between parties. Intermediate appeals do nothing but delay the ultimate resolution of the litigation, clog the Appellate Courts, remove the matter from the hands of the trial court's, and cause our citizens to be frustrated with the pace of the judicial system.

We find the logic applied by Judge Wickersham and the Court in *Hall v. Lee*, 285 Pa.Super. 542, 428 A.2d 178 (1981), (where the Court disallowed an appeal from a sanction of counsel fees and costs for failure to comply with Pa.R.A.P. 4019(g)), equally applicable to the instant case:

> (I)f this order were to be found to be presently appealable, it would tend to discourage the (trial) court's use of the disciplinary tool, and it would merely become another weapon in the arsenal of dilatory practice for the attorney who wished to delay the judicial proceedings.

*Id.*, 285 Pa.Superior Ct. at 548, 428 A.2d at 181.

For these reasons we find that the instant appeal is interlocutory. If we were to permit parties to appeal orders

---

2. The system's "safety valve" was recognized by Justice Larsen in his Concurring and Dissenting Opinion in *Commonwealth v. Brady, supra.*: "A defendant who believes that the trial court erred in dismissing his double jeopardy claim as frivolous may seek interlocutory appeal by permission under 42 Pa.C.S.A. § 702(b) and Chapter 13 of the Rules of Appellate Procedure, and may seek a stay of the retrial, pending determination of the petition for permission to appeal an interlocutory order, from the lower court or an appellate court .... With this mechanism in existence, it is extremely unlikely that a legitimate double jeopardy claim will somehow 'slip through the cracks' ..." *Id.*, 510 Pa. at 347, 508 A.2d at 292 (Larsen, J. Concurring and Dissenting).

such as the one found herein, it would stifle the expedition of litigation. In addition, parties such as Appellant are free to take an appeal once final judgment has been entered in the case, at which time both sanction orders and the litigation of liability and damages may be reviewed.

Appeal quashed.

WIEAND, J., files a dissenting opinion.

WIEAND, Judge, dissenting:

When counsel for the defendant-appellants failed to appear for a pre-trial conference, the trial court, pursuant to authority contained in a local rule of court, entered a sanction order which precluded the defendant-appellants from presenting evidence in defense of the claims being asserted against them. A majority of this court holds, not without some merit, that the order of the trial court is interlocutory and not subject to appeal until after a final judgment has been entered in a monetary amount. However, in *Commonwealth v. Wheeling-Pittsburgh Steel Corp.*, 473 Pa. 432, 375 A.2d 320 (1977), the Supreme Court of Pennsylvania specifically held that such an order is appealable. "The refusal to allow evidence of a possibly meritorious defense," the Court held, "effectively puts [appellant] out of court and, therefore, the order is 'final' for appeal purposes." *Id.*, 473 Pa. at 440, 375 A.2d at 323.

I share the majority's abhorence of a rule which permits piecemeal appeals. See: *Miller Oral Surgery, Inc. v. Dinello*, 342 Pa.Super. 577, 493 A.2d 741 (1985). Therefore, I agree with the majority that, in general, the entry of a judgment for plaintiff on the issue of liability should not become appealable until damages have been determined and a final judgment has been entered. See: *Sims v. Feingold*, 329 Pa.Super. 437, 478 A.2d 868 (1984).

However, I must dissent vigorously from the majority's conclusions (1) that *Commonwealth v. Wheeling-Pittsburgh Steel Corp., supra,* has been overruled by implication by the opinion of the Supreme Court in *Fried v. Fried,*

509 Pa. 89, 501 A.2d 211 (1985); and (2) that the appealability of the sanction order in the instant case is to be determined by application of the "collateral order" test announced by the United States Supreme Court in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed.2d 1528 (1949), and adopted by the Supreme Court of Pennsylvania in *Bell v. Beneficial Consumer Discount Co.*, 465 Pa. 225, 348 A.2d 734 (1975), and *Pugar v. Greco*, 483 Pa. 68, 394 A.2d 542 (1978).[1] This rule "has applicability only to *orders which are collateral to the main cause of action." Praisner v. Stocker*, 313 Pa.Super. 332, 342, 459 A.2d 1255, 1260–1261 (1983) (emphasis added). See also: *Bell v. Beneficial Consumer Discount Co., supra; Pugar v. Greco, supra.*

In *Fried v. Fried, supra,* the Supreme Court considered the appealability of an order pertaining to alimony, counsel fees and expenses in a divorce action. Such an order, the Court observed, was separable from and collateral to the main action of divorce. As such, the Supreme Court appropriately applied the "collateral order" test for appealability articulated in *Cohen v. Beneficial Industrial Loan Corp., supra,* and determined that appellate review of the order could be delayed, without prejudice to the parties, "until final disposition of the case." *Fried v. Fried, supra* 509 Pa. at 97, 501 A.2d at 215.

The sanction order in the instant case is not separable from and collateral to the main action. It precludes the defendant-appellant from defending against liability in the main cause of action alleged by the plaintiff-appellees. Therefore, the appealability of the sanction order cannot be determined by applying the "collateral order" test.

1. Under this test, an order is considered appealable if (1) *it is separable from and collateral to the main cause of action;* (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost. *Cohen v. Beneficial Industrial Loan Corp., supra* 337 U.S. at 546, 59 S.Ct. at 1226, 93 L.Ed.2d at 1536.

The general rule applicable to sanction orders was articulated by this Court in *McManus v. Chubb Group of Insurance Companies*, 342 Pa.Super. 405, 493 A.2d 84 (1985). We there said:

"As a general rule, this Court will not provide interim supervision of [pretrial] proceedings conducted in connection with litigation pending in the several trial courts. In the absence of unusual circumstances, we will not review discovery or sanction orders prior to a final judgment...."

*Id.*, 342 Pa.Superior Ct. at 410, 493 A.2d at 87.

The Supreme Court, in *Commonwealth v. Wheeling-Pittsburgh Steel Corp., supra,* held that an order precluding a defendant from presenting a defense, because it effectively put the defendant out of court, was so unusual that it should be immediately appealable. Because this holding encourages piecemeal appeals—it permits two appeals in the same action even though one would clearly suffice—it would be my hope that the Supreme Court might reconsider the appealability of such an order. In the meantime, the holding thereof should not be expanded beyond the precise factual posture of that case. Because the Supreme Court's holding in *Commonwealth v. Wheeling-Pittsburgh Steel Corp., supra,* is precisely on all fours with the instant case, however, I believe we are bound by it.[2] Therefore, I would not quash the appeal in this case ,but would proceed to a consideration of the merits of the order from which the appeal was taken.

That order, in my judgment, was an abuse of discretion. The trial court overreacted to the rudeness of defense counsel and visited retribution on the client. I would reverse the sanction order and remand for trial on all disputed issues.

**2.** It is interesting to note that the "collateral order" test of *Cohen v. Beneficial Industrial Loan Corp., supra,* had been adopted by the Pennsylvania Supreme Court before it decided *Commonwealth v. Wheeling-Pittsburgh Steel Corp., supra.*