# Concrete Coating Sys., Inc. v. Pharma. Mfg. Research Servs.

118

*Michael P. Morton, Paul C Troy*, for plaintiff.
*John C. Fenningham*, for defendant.

SMYTH, *J.*, March 10, 2014—

ORDER AWARDING SANCTIONS

In July 2012, in the course of granting defendant's motion for judgment on the pleadings on grounds of expiration of the statute of limitations, 42 Pa.C.S. § 5525, in this action for breach of contract, this court also granted defendant's motion, under Pa.R.C.P. 1023.2, for sanctions in the form of attorneys' fees, reserving the amount of such fees for determination at later hearing. Plaintiff pursued an appeal of our order to the Superior Court of Pennsylvania in the meantime, in October 2012, we held a hearing on our interlocutory grant of sanctions. *Cf.* Pa.R.A.P. 1701(b) (6) ("After an appeal is taken. . . the trial court...may:... (6) Proceed further in any matter in which a nonappealable interlocutory order has been entered...."); *Sims v. Feingold*, 329 Pa. Super. 437, 439, 478 A.2d 868, 869 (1984) ("[W] here judgment is entered for liability only, reserving the question of damages, [the] judgment is 'interlocutory[.'] Such a judgment is...not appealable"). After the Superior Court denied defendant's motion to quash the appeal as interlocutory without prejudice to raising the issue again before the panel assigned to hear the case, *Concrete*

*Coating Sys., Inc. v. Pharm. Mfg. Research Serv., Inc. (Concrete II)*, No. 2389 EDA 2012 (Pa. Super. Ct. Nov. 14, 2012) (order denying without prejudice motion to quash appeal), *aff'd mem.*, 82 A.3d 1071 (Pa. Super. Ct. 2013) (unpublished table decision), we held our determination of attorneys' fees in abeyance pending transmission of the official record to the Superior Court under Pa.R.A.P. 1931 and that court's final decision. In July 2013, the Superior Court rendered its decision, affirming the portion of our order granting defendant judgment on the pleadings, and granting in part defendant's motion to quash the appeal with respect to the portion of the order granting defendant's motion for sanctions. *Concrete Coating Sys., Inc. v. Pharm. Mfg. Research Servs., Inc.*, No. 2389 EDA 2012 (Pa. Super. Ct. July 19, 2013) (mem.). We then, at defendant's request, and with some effort, scheduled a further hearing to make a final determination on the issue of sanctions, and, from defendant's perspective, to supplement the record with evidence of further attorneys' fees incurred as a result of plaintiff's actions since the previous hearing. Having, on January 23, 2014, completed the second hearing, and subsequently having had the notes of that hearing transcribed and filed of record, we here issue a final ruling on the issue(s) of sanctions/attorneys' fees.

The dispute between the parties that eventually gave rise to this action and the sanctions now being considered began in 2004. In December of that year plaintiff, represented by its current counsel, filed a mechanic's lien against defendant in this court, followed by an attempt to perfect the action by the filing of a mechanic's-lien complaint. However, though the action proceeded for

several years, as the time for trial neared, the parties and the presiding judge, Judge Rossanese, discovered the complaint had never actually been filed. This led to Judge Rossanese's granting defendant's motion to strike the mechanic's lien and denying plaintiff's motion to file a complaint nunc pro tunc. Plaintiff appealed to Superior Court, which affirmed Judge Rossanese's ruling. *Concrete Coating Sys. v. Pharm. Mfg. (Concrete I)*, 6 A.3d 556 (Pa. Super. Ct. 2010) (unpublished 2-1 table decision), *appeal denied*, 610 Pa. 586, 19 A.3d 1051 (2011).

Days after the Pennsylvania Supreme Court denied further review of the Superior Court's affirmance of Judge Rossanese, plaintiff, on April 4, 2011, filed the present action alleging breach of contract arising out of the same occurrences that underlay the mechanic's-lien action. Defendant responded with an answer and new matter pleading, inter alia, that the four-year period of limitation for commencing an action claiming breach of contract had long since expired on the 2004 transactions on which any claim was based. After the twenty-day period under Pa.R.C.P. 1026(a) for plaintiff to plead in response to the new matter had run. Defendant filed its motion for judgment on the pleadings under Pa.R.C.P. 1034, which provides:

> (a) After the relevant pleadings are closed, but within such time as not to unreasonably delay the trial, any party may move for judgment on the pleadings.

> (b) The court shall enter such judgment or order as shall be proper on the pleadings.

Pa.R.C.P. 1034(a)-(b). Defendant also moved for sanctions for violation of Pa.R.C.P. 1023.1(c), which provides, in

part:

> By signing, filing, submitting, or later advocating [a pleading, motion, or other paper], [an] attorney... certifies that, to the best of that person's knowledge, information[,] and belief, formed after an inquiry reasonable under the circumstances,
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation,
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification[,] or reversal of existing law or the establishment of new law,
>
> (3) the factual allegations have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery....

Pa.R.C.P. 1023.1(c)(1)-(3). Plaintiff then filed an answer opposing the motion(s) as well as an untimely reply to defendant's new matter asserting, for the first time, that the doctrines of "equitable tolling" and "unclean hands" (on defendant's part) extended the statutory period of limitation for commencing the 2011 action.

After full briefing and oral argument on defendant's motion(s) for judgment on the pleadings and sanctions and plaintiff's response, we found no facts pled or asserted that would support plaintiff's theories of equitable tolling or unclean hands, and granted judgment on the pleadings based on the running of the statute of limitations on

plaintiff's breach-of-contract claim. Our judgment further provided,

> 2) The request for sanctions in the form of attorneys' fees is *granted*. The court shall convene a hearing to determine the reasonable amount of such fees on *Wednesday, October 24, 2012.* . . . At least *four weeks* prior to the hearing, defendant shall file and serve an itemized, verified statement of the amounts of attorneys' fees sought, and the specific work to which they pertain.

(Order pt. 2, July 17, 2012.)

On September 21, 2012 (while plaintiff's appeal of our order and judgment was pending) defendant's counsel submitted to the undersigned and served on plaintiff's counsel the required statement, although without filing it with the prothonotary of the court. In that statement, counsel sought attorneys' fees for defense of the latter stages of the appeals in the 2004 mechanic's-lien action (*Concrete I*), in the total amount of $10,258.06, as well as for defense of the 2011 breach-of-contract action and appeal (*Concrete II*) expended to date, in the total amount of $40,225.71, for a grand total of $50,483.77. (V.S. Def. Fees 1-2, Sept. 21, 2012.) On the day of the hearing, counsel submitted a supplemental verified statement seeking further fees incurred since submission of the first statement (in the total amount of $3,358.27) so that the grand total now sought was $53,842.04. (Supplemented Oct. 24, 2012 V.S. Def. Fees 2.)

Also, two days before the hearing, separate counsel entered an appearance on plaintiff's counsel's behalf to represent his interests in the matter of sanctions. At the

same time, new counsel filed a pre-hearing brief opposing sanctions against plaintiff's counsel.

At the hearing, defendant presented testimony in support of the fees listed, and introduced the two verified statements into evidence as exhibits (Sanctions Hr'g Tr. 9, 16, Exs. 1-2, Oct. 24, 2012). As a third exhibit, defendant introduced letters sent to plaintiff's counsel in the course of the *Concrete I* appeal and the 2011 litigation and appeal (the instant case) putting him on notice pursuant to Pa.R.C.P. 1023.2(b) that sanctions would be sought if the offending papers were not withdrawn. (Sanctions Hr'g Tr. 8-9, 16, Ex. 3.)

As previously stated, after this first hearing we put the request for sanctions in the form of attorneys' fees in abeyance in light of the Superior Court's denial, without prejudice to renewal before the panel hearing the merits, of defendant's motion to quash plaintiff's appeal. We did so in the event the Superior Court's ultimate decision would determine the appeal divested us of jurisdiction to proceed on sanctions, or would reverse our decision. The Superior Court's preliminary ruling on defendant's motion also made it necessary for us to transmit the record of proceedings in our court to the Superior Court under Pa.R.A.P. 1931.

Once the Superior Court rendered its final decision in *Concrete II*, affirming our grant of defendant's motion for judgment on the pleadings and granting defendant's motion to quash the appeal with respect to our grant of sanctions, defendant sought to reopen the hearing on sanctions. After wrangling over scheduling, this court convened a second hearing on sanctions on January 23,

2014. With more wrangling, the parties filed several more briefs on the issue.

At the second hearing, defendant supplemented the requests for attorneys' fees made at the first hearing with requests for additional fees incurred in the interim. Defendant introduced as exhibits at this hearing, *inter alia*, 1) a supplemental verified statement of additional fees and costs billed as of July 31, 2013 (basically covering the period during which the *Concrete II* appeal was pending in Superior Court) (Mot. Sanctions Tr. 6, 30, Ex. 4, Jan. 23, 2014) and 2) a second supplemental verified statement of fees and costs billed as of January 23, 2014 (basically covering the period from conclusion of the *Concrete II* appeal to the date of the hearing) (Mot. Sanctions Tr. 6, 30, Ex. 7). The cumulative effect of these two supplemental verified statements was to boost the amount of attorneys' fees sought from the $53,842.04 grand total figure presented at the first hearing to a new grant total figure of $76,815.03. (Praecipe Attach Exs. D-4, D-7.)

On January 30, 2014, the court reporter for the second hearing filed the notes of testimony of that hearing of record with the prothonotary; along with the notes, she filed the exhibits admitted at the hearing. The same is not true of the exhibits introduced at the first hearing; they are not, to this point, officially filed of record. We shall remedy this deficiency in the record by filing the exhibits from the first hearing along with this order.

We proceed to lay out the basis and rationale of our decision on sanctions in the form of attorneys' fees. *See* Pa.R.C.P. 1023.4(c). We shall address defendant's requests for attorneys' fees chronologically in the order they were

incurred and submitted.

First, we consider the requests for fees submitted at the first hearing in October 2012. The first component of those fees was the $10,258.06 billed for defending the late stages of plaintiff's appeal of dismissal of the 2004 mechanic's-lien action (*Concrete I*). (V.S. Def. Fees 1-2, Sept. 21, 2012.) We *deny* an award of fees for this phase of the litigation. Judge Rossanese presided over the 2004 mechanic's-lien case in this court. Defendant did not seek sanctions in the form of an award of attorneys' fees from Judge Rossanese. The Superior Court affirmed Judge Rossanese, and the Supreme Court of Pennsylvania denied plaintiff's petition for allowance of further appeal. Defendant did not seek sanctions from either court as could have been done under Pa.R.A.P. 2744, which authorizes an appellate court to award as costs attorneys' fees and damages for delay "if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate[,] or vexatious." Pa.R.A.P. 2744. The Pennsylvania Rules of Appellate Procedure further provide, "An application for further costs and damages must be made before the record is remanded, unless the appellate court, for cause shown, shall otherwise direct." Pa.R.A.P. 2751. The Superior Court affirmed Judge Rossanese by a divided three-judge panel, with one judge filing a dissenting memorandum. Neither that court nor this lower court ever determined that any aspect of the 2004 mechanic's-lien litigation or appeal was frivolous, dilatory, obdurate, or vexatious. We therefore disallow the $10,258.06 in attorneys' fees sought for defending the late stages of the 2004 mechanic's-lien appeal.

The next component of the fees defendant sought at the October 2012 hearing was $40,225.71 for defense of the 2011 (current) breach-of-contract litigation roughly from its commencement days after the Pennsylvania Supreme Court denied review in the *Concrete I* appeal until mid-September 2012 when this request for fees was submitted. (V.S. Def. Fees 1-2, Sept. 21, 2012.) We *grant* in part and *deny* in part this request for fees. To explain our ruling, we have further subdivided this component of the fees into two distinct categories: 1) those incurred from the commencement of the litigation in April 2011 until we granted defendant's motion for judgment on the pleadings and for sanctions in July 2012, which we allow, and 2) those incurred after our ruling until the September 2012 submission of the statement, which we disallow.

We have found sanctions appropriate for defense of the April 2011 action up until the date of our July 2012 judgment because plaintiff's counsel's filing and pursuit of the litigation violated Pa.R.C.P. 1023.1(c) particularly in that "the claims...and other legal contentions therein [were not] warranted by existing law or by a nonfrivolous argument for the extension, modification[,] or reversal of existing law or the establishment of new law," Pa.R.C.P. 1023.1(c)(2), and that "the factual allegations [as to defendant's conduct tolling the statute of limitations] have [no] evidentiary support," Pa.R.C.P. 1023.1(c)(3), and no such factual allegations were specifically identified as likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, Pa.R.C.P. 1023.1(c)(3). *See also Concrete II*, No. 2389 EDA 2012, slip op. at 6-7 ("The foundation of [plaintiff's] argument is fatally flawed...[plaintiff's] contention that it

was 'prohibited from filing a breach of contract claim while litigating its mechanics' lien claim' amounts to nothing more than an inaccurate bald assertion.... [E]ven if we assume *arguendo* that [defendant] 'concealed' its defense in the mechanics' lien action, nothing about this strategy affected [plaintiff's] ability to file a breach of contract action. Moreover, nothing about this strategy affected [plaintiff's] ability to discover that [defendant] allegedly breached the parties' agreement in 2004"). However, we have disallowed sanctions for the two-month period immediately after our July 2012 judgment, because, with a final favorable judgment in hand, defendant's attorneys' fees incurred for this period were largely for 1) defense of plaintiff's new appeal from our judgment to Superior Court (*Concrete II*) and 2) preparation for pursuit of the attorneys' fees themselves.

We have explained in reference to the appeal in *Concrete I* why our awarding fees for defending an appeal to the Superior Court without that court's authorization is inappropriate. *See* Pa.R.A.P. 2744; Pa.R.A.P. 2751. For the same reasons, we decline to award fees for defense of the *Concrete II* appeal.

Though we do have discretion to award fees incurred in pursuing a motion for sanctions, Pa.R.C.P. 1023.2(b) ("*If warranted*, the court *may* award to the party prevailing on the motion [for sanctions] the reasonable expenses and attorney's fees incurred in presenting or opposing the motion." (emphasis added)), we have decided such fees are not warranted in this case. We so find because of the protracted nature of the pursuit of fees through two hearings separated by the *Concrete II* appeal, plaintiff's counsel's good-faith, though in our view mistaken, opposition to the

sanctions, and the relative ease of collecting, collating, and presenting to the court invoices for legal services that had already been billed to defendant by its counsel, and paid.

Deducting the attorneys' fees claimed for the two-month period immediately after the July 2012 judgment from those claimed for defense of the 2011 action in the September 2012 verified statement, we arrive at a figure of $35,433.62 in attorneys' fees sought. We further, in our discretion, reduce the approved amount of this total to be awarded to $20,000, roughly 57% of the amount sought. *See* Pa.R.C.P. 1023.4(a)(2)(iii) ("[T]he sanction may consist of, or include,...(iii) if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of *some or all* of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." (emphasis added)). Our reasoning on this point is that counsel's defense of the litigation, from its April 2011 filing until final judgment in July 2012, consisted almost entirely of preparing pleadings and other legal papers, which were not, all told, overly voluminous or complex; and that, during this period, somewhat less than half these pleadings and papers were directed towards recovering attorneys' fees as an objective parallel to winning final judgment. (For example, of the nine pages of defendant's combined motion for judgment on the pleadings and for sanctions captioned under the heading "motions," six pages argued the statute of limitations as grounds for judgment on the pleadings while three advocated sanctions. (Def. Mot. J. Pleadings Mot. Sanctions 6-15.) However, of necessity, much of the discussion of the statute-of-limitations defense highlighted

not the mere lack of merit, but the frivolous, and hence sanction-worthy, character, of plaintiff's position in maintaining the action.)

We next consider the "supplemental" verified statement of fees defendant submitted at the October 2012 hearing. This statement summarized fees incurred or billed between the September 2012 initial statement and the date of the hearing. (Supplemented Oct. 24, 2012 V.S. Def. Fees 2.) These invoices represented fees incurred either in opposing the ongoing *Concrete II* appeal to Superior Court or in preparing for and pursuing the hearing for sanctions itself. For the reasons discussed above in relation to the portions of the fees from the September 2012 statement we disapproved, we also decline to award the fees claimed in the October 2012 supplemental statement.

We advance to the January 2014 second hearing and the additional fees requested there. We disallow these fees, because they were all incurred either in defending the *Concrete II* appeal to the Superior Court or in pursuing the fees themselves.

As stated, the new fees sought at the January 2014 hearing consisted of 1) additional fees and costs billed as of July 31, 2013 (covering the period during which the *Concrete II* appeal was pending), and 2) additional fees and costs billed as of January 23, 2014 (covering the period from conclusion of the *Concrete II* appeal to the date of the hearing). These additional fees raised the total amount of fees claimed from $53,842.04 (the figure presented at the first hearing) to $76,815.03. (Praecipe attach exs. D-4, D-7.) For reasons already discussed, we decline to award defendant these approximately $23,000 in additional fees.

In summary, after considering defendant's several verified statements of attorneys' fees incurred, the evidence presented at the hearings of October 24, 2012, and January 23, 2014, and the briefs and arguments of counsel, we award defendant $20,000 in attorneys' fees as sanctions under Pa.R.C.P. 1023.4. These attorneys' fees are payable by plaintiff's original counsel and his firm only; plaintiff itself shall not be held liable for them. *See* Pa.R.C.P. 1023.4(a)(3) ("Except in exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates[,] and employees"); Pa.R.C.P. 1023.4(b)(1) ("Monetary sanctions may not be awarded against a represented party for violation of Rule 1023.1(c)(2)").

With respect to the categories of attorneys' fees we have disallowed in this order, our decision shall be without prejudice to defendant's right to pursue these fees in an action under Pennsylvania's Dragonetti Act, 42 Pa.C.S. §§ 8351-8354. In the original motion for sanctions, defendant cited the act as an alternate basis for the relief sought. However, the act, unlike the Pennsylvania Rules of Civil Procedure authorizing sanctions, contemplates a separate action for wrongful use of civil proceedings distinct from the action in which the sanctioned conduct occurs. *But cf.* 42 Pa.C.S. § 2503 (authorizing reasonable attorneys' fees as taxable costs of a matter for certain classes of litigants); *id.* § 8355 (authorizing reasonable attorneys' fees and costs for violations concerning signing and certifying pleadings, motions, and other papers), *suspended by* Pa.R.C.P. 1023.1(e).

Finally, we address the argument raised by plaintiff's counsel's counsel at the hearings on the award of attorneys'

fees and in pre-and post-hearing briefs that defendant's motion for sanctions was procedurally improper because it was made in the same document that contained the motion for judgment on the pleadings. *See* Pa.R.C.P. 1023.2(a) ("An application for sanctions under this rule... shall be made separately from other applications...."); *see also* Pa.R.C.P. 1023.1 cmt. ("The rule provides that requests for sanctions must be made as a separate motion, i.e., not simply included as an additional prayer for relief contained in another motion"). Plaintiff's counsel waived this argument by failing to raise it in response to the original motion for sanctions, waiting until after the court had granted both the motion for judgment on the pleadings and the motion for sanctions and scheduled a hearing devoted solely to the amount of a reasonable attorney's fee, and then appealing our ruling. *Cf.* Pa.R.A.P. 302 ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal"). Had plaintiff specifically and timely objected under the rules cited to defendant's moving for judgment on the pleadings and for sanctions in the same document, defendant could have immediately cured the procedural irregularity by refiling the motions in separate documents. The court did not err in entertaining the motions jointly when no objection was made to this procedure. Furthermore, though defendant could have easily corrected its procedural miscue had plaintiff raised it, defendant could not wait for the court to grant the motion for judgment on the pleadings to test the merits of the motion before moving for sanctions; "A motion requesting sanctions under this rule shall be filed in the trial court *before* the entry of final judgment." Pa.R.C.P. 1023.2(c) (emphasis added). Filing and hearing the motions together in the first instance actually served

judicial economy by avoiding duplicative proceedings on the same basic issues. Coupling the motion for sanctions with the motion for judgment on the pleadings also served to put plaintiff's counsel on notice that pursuing the action any further and opposing judgment on the pleadings would put him at risk for liability for further attorneys' fees beyond those already incurred. Had the warnings been heeded, he could have avoided years of needless and, indeed, frivolous litigation.