J-A14005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CHESAPEAKE DESIGN BUILD, LLC D/B/A BAYWIND HOMES | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| CHERYL A. WIEDER | |
| Appellee | No. 1345 MDA 2015 |

Appeal from the Judgment Entered July 6, 2015
In the Court of Common Pleas of Dauphin County
Civil Division at No(s): 2009-CV-10112-CV

BEFORE:  BOWES, OTT AND PLATT,* JJ.

JUDGMENT ORDER BY BOWES, J.:                    **FILED MAY 16, 2016**

Chesapeake Design Build, LLC d/b/a Baywind Homes appeals from a judgment entered on an award of sanctions that was imposed after the trial court found that Appellant was in violation of discovery orders.  We quash.

On April 26, 2013, the trial court found Appellant in civil contempt for failing to provide adequate responses to discovery requests.  On August 29, 2013, after finding that Appellant failed to purge itself, the trial court assessed $10,121.04 in attorneys' fees as a discovery sanction.  Appellant filed a prior appeal to this Court from the August 29, 2013 order, and we quashed that appeal as interlocutory.  ***Chesapeake Design v. Wieder***, 118 A.3d 444 (Pa.Super. 2015) (unpublished memorandum).  Therein, we

---

* Retired Senior Judge assigned to the Superior Court.

observed: "Orders finding a litigant in civil contempt as a discovery sanction are not appealable. Therefore, we quash this appeal for lack of jurisdiction." *Id*. (unpublished memorandum at 1) (citing **Stahl v. Redcay**, 897 A.2d 478, 487 & n.2 (Pa. Super. 2006); **Bruno v. Elitzky**, 526 A.2d 781, 782-83 (Pa. 1987). In contrast to other contempt orders imposing sanctions, "when sanctions are imposed for failure to comply with a discovery order, the order imposing sanctions is not reviewable until final disposition of the underlying litigation. This is so even though discovery sanctions are frequently imposed following a citation for civil contempt in an attempt to coerce compliance with the discovery order." **Fox v. Gabler**, 547 A.2d 399, 404 (Pa. Super. 1988); **Accord Diamond v. Diamond**, 715 A.2d 1190, 1193 (Pa. Super. 1998).

Following our quashal, judgment was entered against Appellant in the amount of sanctions imposed in the August 29, 2013 order. Appellant filed the present appeal from the judgment, and challenges the August 29, 2013 order finding it in civil contempt and imposing attorney's fees.

Appellant maintains "a discovery order of the lower court which is reduced to judgment is an appealable order. By reducing the sanction order to judgment it became final and, thus, an appealable. order." Appellant's brief at 12; **see also id**. at 25. Appellee Cheryl A. Weider and the trial court refute that position and maintain that this appeal remains interlocutory.

We agree that this appeal is also interlocutory. "Entry of judgment cannot render appealable an otherwise unappealable order." ***Christian v. Pennsylvania Fin. Responsibility Assigned Claims Plan***, 686 A.2d 1, 4 (Pa.Super. 1996) (quoting ***Hall v. Lee***, 428 A.2d 178, 181 n.2 (Pa.Super. 1981); ***But see Jerry Pitell Co. v. Penn State Const., Inc.***, 419 A.2d 1299, 1300 n.2 (Pa.Super. 1980) (where party would lose ability to recover attorney's fees imposed as discovery sanction and where sanctions award was reduced to judgment, appeal was proper).

As we have noted, "this Court will not provide interim supervision of discovery proceedings conducted in connection with litigation pending in the several trial courts. In the absence of unusual circumstances, we will not review discovery or sanction orders prior to a final judgment in the main action." ***McManus v. Chubb Grp. of Ins. Companies***, 493 A.2d 84, 87 (Pa.Super. 1985) (distinguishing ***Pitell***). Herein, Appellant has not suggested that it will not be able to recover from Appellee any amount that it pays to her as a discovery sanction, and this case does not present unusual circumstances where we should provide interim supervision of discovery matters rather than examining the propriety of those proceedings after this case has proceeded to final judgment.

We have previously ruled that Appellant cannot appeal from the August 29, 2013 order as it is interlocutory. We conclude that entry of

judgment on the sanctions imposed in the order does not render it appealable.

Appeal quashed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/16/2016